# EXHIBIT 5

MAYER · BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

**Kevin S. Ranlett**
Direct Tel +1 202 263 3217
Direct Fax +1 202 263 5217
kranlett@mayerbrown.com

December 23, 2013

*Via Overnight Delivery*

Jeffrey M. Ostrow
Kopelowitz Ostrow PA
200 SW 1st Avenue
12th Floor
Fort Lauderdale, FL 33301

Re:  *Christina Achey v. BMO Harris Bank, N.A.*, No. 1:13-cv-07675 (N.D. Ill.)

Mr. Ostrow:

On October 25, 2013, your client Christina Achey filed an action entitled *Christina Achey, on Behalf of Herself and All Others Similarly Situated v. BMO HARRIS BANK, N.A.*, Case No. 1:13-cv-07675 in the United States District Court for the Northern District of Illinois (the "*Achey* case"). We understand that you are counsel of record for Ms. Achey in that action.

We represent BMO Harris Bank, N.A. ("BMO Harris") in the *Achey* case. We are writing to provide notice of BMO Harris's intent to arbitrate that dispute on an individual basis in accordance with the terms your client's agreements to arbitrate claims such as these. Enclosed as Exhibit A is a declaration by Natalie Dempsey, which attaches true and accurate copies of Ms. Achey's agreements.

**Subject of the Dispute**

On October 10, 2012, Ms. Achey applied for and obtained a $200 loan from MNE Services, Inc. d/b/a AmeriLoan. (Dempsey Decl. ¶ 18.) In connection with that loan, she signed an Application and Loan Note and Disclosure. (*Id.*) On July 10, 2013, Ms. Achey applied for and obtained a $350 loan from MNE Services, Inc. d/b/a AmeriLoan. (*Id.* ¶ 19.) In connection with that loan, she signed a Loan Application and Loan Agreement. (*Id.*)

In the *Achey* case, Ms. Achey asserts seven claims against BMO Harris based on its alleged role in providing services to MNE Services, Inc. through the processing of Automated Clearing House ("ACH") transactions for those loans: (1) violations of RICO, 18 U.S.C. § 1962(c); (2) RICO conspiracy, 18 U.S.C. § 1962(d); (3) assumpsit; (4) aiding and abetting usury, 41 Pa. Stat. Ann. § 201; (5) aiding and abetting violations of the Pennsylvania Consumer Credit Statute, 7 Pa. Stat. § 6213; (6) unjust enrichment; and (7) permanent injunctive relief. Each of those claims is predicated on the allegation that the loan agreements were void and unenforceable as illegal under Pennsylvania usury law.

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Jeffrey M. Ostrow
December 23, 2013
Page 2

**<u>Relief Requested</u>**

Ms. Achey's agreements to arbitrate cover this dispute. Among other things, she agreed to arbitrate "all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Loan Agreement," including, among other things, "any claim, dispute, or controversy relating to the . . . enforceability . . . of this Loan Agreement," such as "any claim that all or any part of this Loan Agreement . . . is void, voidable, invalid or unenforceable." Each of the agreements also covers "all federal or state law claims arising from or relating directly or indirectly to this Loan Agreement."

We will be filing a motion to compel arbitration of this dispute and to stay litigation of the claims against BMO Harris pending the outcome of the arbitration. If Ms. Achey would be willing to stipulate to arbitrate her dispute and dismiss the *Achey* case, please let us know as soon as possible, so that we can avoid burdening the Court with unnecessary motion practice.

Sincerely,

Kevin S. Ranlett

Enclosure

cc:     Norman E. Siegel
        Steve Six
        J. Austin Moore
        Stueve Siegel Hanson LLP
        460 Nichols Road, Suite 200
        Kansas City, MO 64112

        Darren T. Kaplan
        Chitwood Harley Harnes LLP
        1350 Broadway, Suite 908
        New York, NY 10018

        Hassan A. Zavareei
        Jeffrey D. Kaliel
        Anna C. Haac
        Tycko & Zavareei LLP
        2000 L Street, N.W., Suite 808
        Washington, D.C. 20036

# EXHIBIT A

| | |
|---|---|
| CHRISTINA ACHEY, | : |
| Claimant, | : |
| | : |
| | : |
| v. | : |
| | : |
| BMO HARRIS BANK, N.A., | : |
| Respondent. | : |

## DECLARATION OF NATALIE C. DEMPSEY IN SUPPORT OF BMO HARRIS BANK, N.A.'S NOTICE OF INTENT TO COMPEL ARBITRATION

I, **NATALIE C. DEMPSEY,** hereby declare and state as follows:

1.     I am an employee of AMG Services, Inc. ("AMG"), an entity wholly owned and operated by the Miami Tribe of Oklahoma (the "Miami Tribe"), a federally recognized Indian tribe. I make this declaration in support of BMO Harris Bank, N.A.'s Notice of Intent to Compel Arbitration. I make this declaration based on personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify to the following facts.

2.     I have been employed with AMG since 2009 and currently serve as a project manager. AMG operates as a shared service provider for MNE Services, Inc. ("MNES"). MNES, which does business as AmeriLoan, is a lending entity also wholly owned and operated by the Miami Tribe. The shared services AMG provides for MNES and its lending portfolios include: employee staffing, human resources, information technology—including web and software maintenance—customer service, collections, accounting, project management, and strategic planning.

3.     I understand that Plaintiff Christina Achey has brought suit based on loans made to her by AmeriLoan. Through my employment with AMG and in connection with AMG's

provision of services to MNES, I have access to and gained familiarity with AmeriLoan's loan documents and record-keeping systems for customer account information.

4.      AmeriLoan performs their lending operations online through a website.

## 2012 Loan Application and Loan Documents

5.      The AmeriLoan loan application process in October of 2012 would begin when a customer proactively searched online for a short-term loan. Individuals who obtained the loans must have satisfied three criteria. First, they must have been gainfully employed and 18 years of age. Second, they must have had an active bank account, and thus, an established banking relationship. Third, they must have been functionally capable of navigating the Internet due to the online nature of the relationship extended.

6.      If a customer is beginning the loan application process on AmeriLoan's website in October of 2012, a customer first views the homepage. On the homepage, the customer clicks "APPLY NOW" to begin the loan application process. A true and correct copy of the AmeriLoan homepage as it would have appeared on October 10, 2012 is attached as Exhibit 1.

7.      Then, a customer begins the loan application process by providing information and proceeding through five sequential pages of questions covering his or her: (1) Personal Information; (2) Employment Information; (3) Banking Information; (4) Personal References; and (5) the Final Step. On the Final Step (page 5 of 5), the customer must acknowledge by checking a box that he has read and agreed to all of the notices and disclosure. A true and correct copy of the Final Step page as it would have appeared on October 10, 2012 is attached as Exhibit 2. To submit the application for processing, the customer also enters a verification code and clicks "Continue."

8.      Once the customer has completed the application process and AmeriLoan has tentatively approved the customer's loan, the customer is then directed to the "Confirmation and E-Signature" page. A true and correct copy of the Confirmation and E-Signature page as it would have appeared on October 10, 2012 is attached as Exhibit 3.

9.      On the Confirmation and E-Signature page, the customer is first shown the maximum amount he or she is approved for and then is allowed to choose a lesser amount from a drop-down box. Next, a hyperlink to the loan documents is provided so that the customer can view the documents, including the arbitration provision. Then, to complete the loan application process, the customer must check and click on required boxes to confirm that he or she has read and agrees to the terms of (1) "the Application, including the terms and provisions of the LIMITED WAIVER OF SOVEREIGN IMMUNITY and the ARBITRATION PROVISION contained therein;" (2) the "Privacy Policy & Electronic Disclosure and Consent Agreement;" (3) the "Authorization Agreement;" and (4) the "Loan Note and Disclosure, including the terms and provisions of the LIMITED WAIVER OF SOVEREIGN IMMUNITY and the ARBITRATION PROVISION contained therein." Finally, the customer types his or her full name to provide an electronic signature to agree to accept the loan from AmeriLoan pursuant to the terms and provisions of the loan documents and clicks the "I AGREE" button. If a customer does not properly check all four required boxes to confirm he or she has read and accepted the terms of the loan documents, the customer's application will not be deemed acceptable and will not be processed.

10.     If the loan application process is completed by the customer and the loan is subsequently approved by AmeriLoan, the customer is directed to a "Thank You and Print Documents" page, from which the customer can print the following loan documents: (1)

Application; (2) Privacy Policy; (3) Loan Note and Disclosure; (4) Authorization to Affect ACH

Credit and Debit Entries; and (5) the Electronic Disclosure and Consent Agreement. A true and

correct copy of the Thank You and Print Documents page as it would have appeared on October

10, 2012 is attached as Exhibit 4.

## 2013 Loan Application and Loan Documents

11.     The AmeriLoan loan application process in July of 2013 would begin when a

customer proactively searched online for a short-term loan. Individuals who obtained the loans

must have satisfied three criteria. First, they must have been gainfully employed and 18 years of

age. Second, they must have had an active bank account, and thus, an established banking

relationship. Third, they must have been functionally capable of navigating the Internet due to

the online nature of the relationship extended.

12.     If beginning the loan application process on AmeriLoan's website in July of 2013,

a customer first views the homepage. On the homepage, the customer clicks "APPLY NOW" to

begin the loan application process. A true and correct copy of the AmeriLoan homepage as it

would have appeared on July 10, 2013 is attached as Exhibit 5.

13.     Then, a customer would then begin the loan application process by providing

information and proceeding through five sequential pages of questions covering his or her: (1)

Personal Information; (2) Employment Information; (3) Banking Information; (4) Personal

References; and (5) the Final Step. On the Final Step (page 5 of 5), the customer must

acknowledge by checking a box that he has read and agreed to all of the notices and disclosure.

A true and correct copy of the Final Step page as it would have appeared on July 10, 2013 is

attached as Exhibit 6. To submit the application for processing, the customer also enters a

verification code and clicks "Continue."

14. Once the customer has completed the application process and AmeriLoan has tentatively approved the customer's loan, the customer is then directed to the "Confirmation and E-Signature" page. A true and correct copy of the Confirmation and E-Signature page as it would have appeared on July 10, 2013 is attached as Exhibit 7.

15. On the Confirmation and E-Signature page, the customer is first shown the maximum amount he or she is approved for and then is allowed to choose a lesser amount from a drop-down box. The customer is also shown a "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT" prominently disclosing the cost of the credit to the customer in accord with the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. Then, to complete the loan application process, the customer must check and click on required boxes to confirm that he or she has read and accepts the terms of the following loan documents: (1) the "APPLICATION," including the terms and provisions of the Arbitration Provision contained therein; (2) the "FEDERAL-TRUTH-IN-LENDING STATEMENT;" (3) the "LOAN AGREEMENT," including the terms and provisions of the Arbitration Provision contained therein; (4) the "ELECTRONIC DISCLOSURE & CONSENT AGREEMENT;" (5) the "PRIVACY POLICY;" and (6) the "ACH [Automated Clearing House] AUTHORIZATION AGREEMENT." Finally, the customer types his or her full name to provide an electronic signature to agree to accept the loan from AmeriLoan pursuant to the terms and provisions of the loan documents and clicks the "I AGREE" button. If a customer does not properly check all of the required boxes to confirm he or she has read and accepted the terms of the loan documents, the customer's application will not be deemed acceptable and will not be processed.

16. If the loan application process is completed by the customer and the loan is subsequently approved by AmeriLoan, the customer is directed to a "Thank You and Print

Documents" page, from which the customer can print the following loan documents: (1) Application; (2) the Federal-Truth-in-Lending Statement; (3) Loan Agreement; (4) the Electronic Disclosure and Consent Agreement; (5) the Privacy Policy; and (6) The ACH Authorization Agreement. A true and correct copy of the Thank You and Print Documents page as it would have appeared on July 10, 2013 is attached as Exhibit 8.

### Plaintiff Christina Achey

17.     In connection with AMG's provision of services to MNES, AMG keeps, in its ordinary course of business, records of customer loan agreements. I am familiar with those records in the course of my work for AMG. I have reviewed those records to determine the dates on which Plaintiff Christina Achey received the loans from AmeriLoan.

18.     Christina Achey alleges that she applied for and received a $200 loan from AmeriLoan on or about October 11, 2012. (Compl. ¶ 70.) AMG has a record of an Application and Loan Note and Disclosure for $200 dated October 10, 2012 from Plaintiff Achey. A true and correct copy of Plaintiff Achey's Application and Loan Note and Disclosure, dated October 10, 2012, is attached as Exhibit 9.

19.     Christina Achey alleges that she applied for and received a $350 loan from Ameriloan on or about July 10, 2013. (Compl. ¶ 74.) AMG has a record of a Loan Application and Loan Agreement for $350 dated July 10, 2013 from Plaintiff Achey. A true and correct copy of Plaintiff Achey's Loan Application and Loan Agreement, dated July 10, 2013, is attached as Exhibit 10.

### Arbitration Provisions

20.     Customers who apply and receive a loan from AmeriLoan agree to an arbitration provision at each of two stages in the loan process: first in their application and again in their

Loan Note and Disclosure or Loan Agreement. (Exhibit 9 at 2-3 and 8-9 and Exhibit 10 at 4-5 and 10-11.) In both instances in which Achey agreed to the arbitration provision in her Application and Loan Note and Disclosure, dated October 10, 2012, the arbitration provision states that a customer agrees to arbitrate "all federal or state law claims arising from or relating directly and/or indirectly" to the Application and Loan Note and Disclosure. (Exhibit 9 at 2 and 8.) In both instances in which Achey agreed to the arbitration provision in her Loan Application and Loan Agreement, dated July 10, 2013, the arbitration provision states that a customer agrees to arbitrate "all federal or state law claims arising from or relating directly or indirectly" to the Loan Application and Loan Agreement. (Exhibit 10 at 4 and 10.)

21.     The arbitration provision provides a consumer with the opportunity to opt out of the provision by sending written notice within thirty (30) days of signing the Loan Note and Disclosure or Loan Agreement (Exhibit 9 at 3 and 9; Exhibit 10 at 5 and 11).

22.     Plaintiff Achey never opted out of the arbitration provisions to which she agreed in her Application and Loan Note and Disclosure, dated October 10, 2012.

23.     Plaintiff Achey never opted out of the arbitration provisions to which she agreed in her Loan Application and Loan Agreement, dated July 10, 2013,

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 23, 2013.

NATALIE C. DEMPSEY

# EXHIBIT 1

# Large enough to serve you. Small enough to know you.



First Name:

Address:

State:

## It's easy to get the funds you need in seconds!

### CLICK HERE TO APPLY NOW

**WELCOME**

We've made it easier than ever to access your account. Log in here!

Username:

Password:

Log In

Forgot your password?
Click Here

---

**GET A NEW LOAN**

If you have paid off your loan and would like to get another.

click here for faster service

---

**FAQ's**

Would you like to know more about cash advances and our other services?

Consumer Notice Tips
Careers
FAQ's

---

**ATTENTION MILITARY!**

Are you a covered member or the dependent of a covered military member of a branch of the US Military?

click here

---

© 2011 Ameriloan®. All rights reserved.

# EXHIBIT 2



**1 2 3 4 5 Final Step**

NEED HELP?

**Notices and Disclosures**

You are submitting an application to MNE Services, Inc. dba AmeriLoan via the Internet. In order to process this application, AmeriLoan needs You to agree to receive certain disclosures and documents electronically. This Electronic Disclosure and Consent Agreement applies to this application and any other communications We may provide to You during the process of Your applying for or Us servicing Your account. By submitting Your application You agree to receive all such disclosures and documents in

☑ I have read and agree to all the notices and disclosures above.

**This is for your protection.**
This feature prevents automated programs from applying without your knowledge.



AAAAA
Enter the verification code as shown.

Please allow up to 2 minutes for your application to be submitted.
Do not click the "back" button on your browser after you submit your application.



**CONTINUE**

## WELCOME

We've made it easier than ever to access your account. Log in here!

Username:

Password:

Log In

Forgot your password?
Click Here

© 2011 Ameriloan®. All rights reserved.

# EXHIBIT 3



# CONGRATULATIONS!

AmeriLoan⁷ has Pre-Approved you for up to: **$300**
Your first due date will be 04/30/2012

### Confirmation Number: 1938397169

If you would like less cash, please choose a new amount from the drop-box below.

Desired loan amount: $300 ▾

The terms of this loan are described in the LOAN NOTE AND DISCLOSURE.
Please review and confirm that you agree to the terms of the following related documents.

☑ I have read and accept the terms of the Application, including the terms and provisions of the **YES (click on each to confirm)**
LIMITED WAIVER OF SOVEREIGN IMMUNITY and the ARBITRATION PROVISION contained therein.

☑ I have read and accept the terms of the Privacy Policy & Electronic Disclosure and Consent
Agreement.

☑ I have read and accept the terms of the Authorization Agreement.

☑ I have read and accept the terms of the Loan Note and Disclosure, including the terms and
provisions of the LIMITED WAIVER OF SOVEREIGN IMMUNITY and the ARBITRATION PROVISION
contained therein.

AmeriLoan⁷ has developed a comprehensive Loan Alert System, including text messaging. By selecting Text and Email Alerts you agree to receive text messages from our Loan Alert System. Standard message and data rate may apply. See Application for full details.

⦿ Text and Email Alerts
◯ Email Alerts Only

By typing your full name below to provide your **Electronic Signature** and clicking the **"I Agree"** button, you agree to accept this loan pursuant to the terms and provisions of all the loan documents above.


Haganstestest Rodriguetsstest

Type your full name (Haganstretest Rodriguetsstest) in the box above.

**By Clicking on "I AGREE" below, I understand and agree that I will receive this loan from MNE Services, Inc., doing business as AmeriLoan, a tribal lending entity, direct to my bank account, and agree to be bound by the terms and provisions of all the loan documents above.**

**I AGREE**
Send Me My Cash!

**DECLINE LOAN**
I Do Not Want The Loan

# EXHIBIT 4



**AMERILOAN**®
*Where America Goes For Cash Advances*

Home | Get an Advance | How it Works | FAQ's | Privacy Policy | Contact Us

## Thank You Haganstsstest... You have been pre-approved!
Funds may be sent to your account without any further communication.
If Our Loan Agent has any questions, you will be contacted using the information you provided.

 **THE FOLLOWING IS EXTREMELY IMPORTANT!**

You will receive an e-mail from us momentarily containing your user ID and password which will allow you to check the status of your loan.

- PLEASE CHECK YOUR INBOX AND ANY SPAM FOLDERS FOR YOUR LOAN STATUS E-MAIL!

- Due to increasing e-mail restrictions this e-mail may accidentally be marked as spam and sent to your Bulk Mail (Yahoo), Junk Mail (MSN Hotmail) or Spam (AOL) folder.

 **PRINT YOUR DOCUMENTS**

To print your documents for your reference, please CLICK HERE.

HOME   APPLY NOW   HOW IT WORKS   REMOVE ME   CONTACT US   PRIVACY POLICY   ABOUT US
TERMS OF WEBSITE USE   ELECTRONIC DISCLOSURE & CONSENT AGREEMENT

© 2011 Ameriloan®, All rights reserved.

# EXHIBIT 5



**AMERILOAN®**
*Where America Goes For Cash Advances*

Home | Get an Advance | How it Works | FAQ's | Privacy Policy | Contact Us

## Large enough to serve you. Small enough to know you.



**It's easy to get the funds you need in seconds!**

**CLICK HERE TO APPLY NOW**

### WELCOME

We've made it easier than ever to access your account, Log in here!

Username:

Password:

[ Log In ]

Forgot your password?
Click Here

---

### GET A NEW LOAN

If you have paid off your loan and would like to get another.

click here for faster service

### FAQ's

Would you like to know more about cash advances and our other services?

Consumer Notice Tips
Careers
FAQ's

### ATTENTION MILITARY!

Are you a covered member or the dependent of a covered military member of a branch of the US Military?

click here

---

HOME | APPLY NOW | HOW IT WORKS | REMOVE ME | CONTACT US | PRIVACY POLICY | ABOUT US
TERMS OF WEBSITE USE | ELECTRONIC DISCLOSURE & CONSENT AGREEMENT

© 2011 Ameriloan®. All rights reserved.

# EXHIBIT 6



**1 2 3 4 5 Final Step**

NEED HELP?

**Electronic Disclosure and Consent Agreement**

If you are applying for a loan with MHE Services, Inc. dba AmeriLoan, ("AmeriLoan"). AmeriLoan is required by law to provide you with certain disclosures and information about your account with AmeriLoan ("Required Information"). With this consent, AmeriLoan can deliver Required Information to you quickly and conveniently by displaying and receiving the Required Information on this web site electronically and allowing you to print the Required Information and retain it for your records.

☑ I have read and agree to all the notices and disclosures above.

**This is for your protection.**
This feature prevents automated programs from applying without your knowledge.

  AAAAA
Enter the verification code as shown.

Please allow up to 2 minutes for your application to be submitted.
Do not click the "back" button on your browser after you submit your application.



**CONTINUE**



**WELCOME**

We've made it easier than ever to access your account. Log in here!

Username:

Password:

Log In

Forgot your password?
Click Here

© 2011 AmeriLoan®. All rights reserved.

# EXHIBIT 7

Confirmation Number: 1892997231

Info About Extended Repayment Plan

# CONGRATULATIONS! You are almost finished!

AmeriLoan® has **Pre-Approved** you for up to: **$300**

If you would like less cash, please choose a new amount   $300 [v]

**Please Note:** You must complete the following information required to complete your loan process.

---

FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT                         **Print Your Documents**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid after you have made all payments as scheduled. |

---

☐ **I AGREE** I have read and accept the terms of the following:
APPLICATION, FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT, LOAN AGREEMENT, ELECTRONIC DISCLOSURE & CONSENT AGREEMENT, PRIVACY POLICY.

☐ **I AGREE** I have read and accept the terms of the ACH AUTHORIZATION AGREEMENT. By accepting these terms I understand that You will automatically debit the Payment(s) Due from my bank account on the Payment Date(s). If you do not agree to the ACH AUTHORIZATION AGREEMENT and would prefer to make the Payment(s) Due on the Payment Date(s) by some other manner, please call customer service at 800-362-9090 to complete the application process.

**LOAN ALERT SYSTEM**
AmeriLoan® has developed a comprehensive Loan Alert System, including text messaging. By selecting Text and Email Alerts you agree to receive text messages from our Loan Alert System. Standard message and data rate may apply. See Application for full details.

◉ Text and Email Alerts   ○ Email Alerts Only

By typing your full name below to provide your **Electronic Signature** and clicking the "I Agree" button, you agree to accept this loan pursuant to the terms and provisions of all the loan documents above.



**Type your full name as seen here (Gastontsstest Mickeytsstest) in the box above.**

By Clicking on "I AGREE" below, I understand and agree that I will receive this loan from MNE Services, Inc., doing business as AmeriLoan, a tribal lending entity, direct to my bank account, and agree to be bound by the terms and provisions of all the loan documents above.

**I AGREE** Send Me My Cash!          **DECLINE LOAN** I Do Not Want The Loan

We are saving your IP Address [10.1.1.219] as a means of tracking this transaction.

# EXHIBIT 8



## Thank You Gastontsstest
## You have completed the application process!

Your funds may be sent to your account without any further communication.

If our Loan Agent has any questions, you will be contacted using the information you provided.

To print your loan documents for your reference, please click the button below.



> **THE FOLLOWING IS EXTREMELY IMPORTANT!**
>
> You will receive an e-mail from us momentarily containing your user ID and password which will allow you to check the status of your loan.
>
> PLEASE CHECK YOUR INBOX AND ANY SPAM FOLDERS FOR YOUR LOAN STATUS E-MAIL!

### ADD US TO YOUR ADDRESS BOOK

Due to increasing e-mail restrictions this e-mail may accidentally be marked as spam and sent to your Bulk Mail (Yahoo!), Junk Mail (MSN Hotmail) or Spam (AOL) folder. In order to ensure our emails reach your inbox, please add our email address to your address book.

Please click on your mail provider below for detailed instructions on how to add us to your address book.

   

# EXHIBIT 9

**Subject:** Ameriloan Important Document

Applicant: **CHRISTINA ACHEY**

Loan ID: **Ameriloan-**▮▮▮▮▮

# Application

Date : 10/10/2012

Company: ameriloan.com 33824

| Personal Information | |
|---|---|
| Name: CHRISTINA ACHEY | Address: ▮▮▮▮▮ |
| E-Mail address: ▮▮▮▮▮ | City, State, Zip: ▮▮▮ PA ▮▮ |
| Home Phone #: ▮▮▮▮▮ | Country: USA |
| Cell Phone: ▮▮▮▮▮ | Driver's State/License: ▮▮▮▮ |
| DOB: ▮▮▮▮ | SSN: ***-**-▮ |

| Employment / Income Information | |
|---|---|
| Source of Income: employment | Work Department: |
| Employed 3+ Months: Yes | Military: ▮ |
| Employer: ▮▮▮▮▮ | Monthly Income*: $▮ |
| Work Phone: ▮▮▮▮ | Method of Payment: Direct Deposit |
| Work Ext: | Frequency of Payment: bi_weekly |
| Work Shift: | Projected Next 4 Paydates: 2012-10-12 & 2012-10-26 & 2012-11-09 & 2012-11-23 |

| Checking Account Information | |
|---|---|
| Bank Name: ▮▮▮▮ | ABA: ▮▮▮▮ |
| Account Type: Checking | Account Number: ********▮▮ |

| Personal References*** | |
|---|---|
| Name: ▮▮▮▮ | Name: ▮▮▮▮ |
| Relationship: ▮▮▮ | Relationship: ▮▮▮ |
| Phone: | Phone: |

*Monthly income may include Your annual salary, pension, social security or other sources of income after taxes are deducted. Alimony, child support or separate maintenance income need not be revealed if You do not wish to have it considered as a basis for repaying this obligation.
**Projected Next 4 Paydates – based on information supplied in application regarding frequency paid, days of week paid and payment method.
***By submitting these individuals as references on Your account, You grant MNE Services, Inc. dba Ameriloan permission to contact these individuals in attempt to locate You for collection purposes. In addition, should We make contact with one of these individuals, You grant Ameriloan express permission to discuss Your Ameriloan account with said individual. This means that We may disclose to these individuals the fact that You have an account with Ameriloan and that We are attempting to reach You regarding Your account. We will not disclose account terms, status, current balance to any third party unless expressly authorized to do so.

**Notice:** In order to comply with the requirements of Section 326 of the USA Patriot Act, We are required by law to adopt procedures to request and retain in Our records information necessary to verify Your identity.
**Application Supplement Notice:** A short term loan provides the cash needed to meet an immediate short-term cash flow problem. It is not a solution for longer term financial problems for which other types of financing may be more appropriate. You may want to discuss Your financial situation with a non-profit financial counseling service available in Your community.
**Agreement to Be Contacted:** By providing Your telephone number(s), You authorize Ameriloan, its affiliates and / or agents to contact you at such number(s) using any means of communication, regarding any current or future loans owned or serviced by Ameriloan, its affiliates and / or agents. By submitting any telephone number in Your loan application, You understand that You are agreeing that You may be contacted by Ameriloan at that telephone number or at any number that You provide subsequently verbally or in writing to any of Our employees and You hereby consent to any such calls even if the phone number You provided is listed on any Do Not Call list. You hereby consent to be called by an automated dialer or similar technology at any phone number You provide in Your application or that You provide subsequently verbally or in writing to any of Our employees. You authorize s to contact You at any number You have supplied to Us as a contact phone number at any time up to 9:00 PM in Your local time zone. You consent to Our leaving payment reminder voicemails on any number You have provided to Us as Your home or cell number during the application process or that You provide to Us during the time We are servicing Your account. By submitting Your email address in Your application You consent to receive email communications from Ameriloan. You hereby consent to any such email so it will not be considered spam or unauthorized by any local, state or federal law or regulation. You must notify Us of Your email address change. You agree to receive all current and future notices, disclosures and communications from Ameriloan electronically in accordance with the Consent to Electronic Disclosure located at http://ameriloan.com/?page=info_edisclosure
**Consent to Autodial Cell Phone and Other Wireless Device:** By providing Ameriloan with a telephone number for a cellular phone or other wireless device, You are expressly consenting to receiving communications at that number including but not limited to prerecorded or artificial voice message calls, text messages, and calls made by an automatic telephone dialing system from Your lender its affiliates and agents. This express consent applies to each such telephone number that You provide to Your lender now or in the future and permits such calls regardless of their purpose. These calls and messages may incur access fees from Your cellular provider. You acknowledge and agree that any charges incurred for receipt of messages sent via SMS text-messaging or requiring the use of web browser via cellular phone to receive are solely Your responsibility.
**Borrower's Consent to Processing:** By clicking on any button indicating an acceptance or agreement to terms, a continuance of processing or submission You understand that You are agreeing to the stated terms and conditions of that submission. You represent that all of the information You have provided on Your application is true, correct and complete. By submitting this application, You authorize Ameriloan to verify any information that You have

provided and acknowledge that this information may be used to verify past or current credit or payment history information from a third party source(s) such as a consumer reporting agency. We may disclose all or some of the non-public personal information about You that We collect to financial service providers that perform services on Our behalf, such as the servicer of Your loan and to financial institutions with which We have joint marketing arrangements. Such disclosures are made as necessary to affect, administer and enforce the loan You have requested.

# PLEASE READ THE FOLLOWING CAREFULLY AS IT IMPACTS YOUR LEGAL RIGHTS.

**LIMITED WAIVER OF SOVEREIGN IMMUNITY: AS A WHOLLY OWNED SUBDIVISION OF A FEDERALLY RECOGNIZED INDIAN TRIBE, MNE Services, Inc. dba Ameriloan, AND ITS DIRECTORS, OFFICERS, AND EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR AUTHORITY, ARE NOT SUBJECT TO SUIT IN ANY COURT IN ANY JURISDICTION, OR ANY OTHER FORUM, ABSENT A WAIVER OF SOVEREIGN IMMUNITY. SOLELY IN ORDER TO PROVIDE FOR THE RESOLUTION OF A DISPUTE THAT WE CANNOT RESOLVE TO YOUR SATISFACTION, SHOULD ANY OCCUR, MNE Services, Inc. DBA Ameriloan HEREBY CONSENTS TO A LIMITED WAIVER OF SOVEREIGN IMMUNITY, AS EXPRESSLY SET FORTH HEREIN, AND FURTHER LIMITED BY THE ARBITRATION PROVISION CONTAINED HEREIN. THIS LIMITED WAIVER IS STRICTLY LIMITED TO INDIVIDUAL ARBITRATION CLAIMS AS SET FORTH BELOW AND JUDICIAL ACTIONS TO ENFORCE SUCH INDIVIDUAL ARBITRATION AWARDS AS STRICTLY LIMITED HEREIN.**

**PLEASE BE ADVISED THAT IF YOU CHOOSE TO OPT OUT OF THE FOLLOWING ARBITRATION PROVISION AS DETAILED BELOW, YOUR ONLY OPTION OF PURSUING A CLAIM AGAINST US FOR ANY UNRESOLVED DISPUTE WILL BE TO TRY TO BRING AN ACTION IN A COURT OF COMPETENT JURISDICTION, IF ANY EXISTS, BUT IN ADDITION TO PROVING YOU ARE ENTITLED TO ANY RELIEF OR DAMAGES FROM MNE Services, Inc. DBA Ameriloan, YOU MAY ALSO HAVE TO PROVE THAT WE ARE NOT ENTITLED TO THE BENEFITS AND PROTECTIONS OF SOVEREIGN IMMUNITY.**

<u>ARBITRATION PROVISION:</u> If any dispute arises that We cannot resolve to your satisfaction, You and We hereby agree that we shall arbitrate that dispute in accordance with the terms of this Arbitration Provision, absent You notifying Us of your intent to opt out of this Arbitration Provision as described below.

Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and to have a jury trial to resolved their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Each party to the dispute has an opportunity to present evidence to the arbitrator. Pre-arbitration discovery may be limited or unavailable. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decisions.

As used herein, the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation and whether past, present or future: (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, including the validity and scope of this Arbitration Provision, or any claim, dispute, or controversy relating to the interpretation, applicability, enforceability or formation of this Note, including, but not limited to any claim that all or any part of this Note or Arbitration Provision is void, voidable, invalid or unenforceable; (b) all federal or state law claims arising from or relating directly and/or indirectly to this Note, the information You gave Us before entering into the Note, and/or any past agreement or agreements between You and Us; (c) all counterclaims, cross-claims and third party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by Us against You, including claims for money damages to collect any sum We claim You owe Us; (g) all claims asserted by You individually against Us, and/or any of our Directors, Officers, Employees acting within the scope of their authority, any of our agents or servicers and/or any of their employees, directors, officers, shareholders, governors, managers, members, parents, subsidiaries, or any affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on your behalf by another person; (i) all claims asserted by You as a private attorney general, as a representative and/or member of a class of persons, and/or in any other representative capacity against Us and/or related third parties (hereinafter referred to as "Representative Claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by Us or related third parties of any non-public personal information about You.

Any party to a dispute, including You, Us and/or related third parties, may send the other party(s) written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, the arbitration shall occur before the American Arbitration Association (1-800-778-7879; http://www.adr.org). However, the parties may mutually agree to select a different arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association and arbitrate pursuant to such arbitrator's rules. The party receiving notice of arbitration shall respond in writing by certified mail return receipt requested within twenty (20) days. All parties to such dispute will be governed by the rules and procedures of the American Arbitration Association applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Note or this Arbitration Provision, including the limitations on the arbitrator below. You may obtain a copy of the rules and procedures by contacting the American Arbitration Association (1-800-778-7879; http://www.adr.org).

Regardless of who demands arbitration, We will advance your portion of the expenses associated with the arbitration, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitration hearing will be conducted in the county of your residence, unless You agree to a different location. In conducting the arbitration proceeding, the arbitrator shall not apply any federal or state rules of civil procedure or evidence. If the arbitrator renders a decision or an award in your favor resolving the dispute, the arbitrator shall award You reasonable attorneys' fees. If the arbitrator renders a decision or an award in your favor resolving the dispute then You will not be responsible for reimbursing Us for your portion of the Arbitration Fees and We will reimburse You for any Arbitration Fees You have previously paid. Regardless of whether the arbitrator renders a decision or an award in your favor resolving the dispute, You will not be responsible for reimbursing Us for your portion of the Arbitration Fees and We are not entitled to an award of attorneys' fees. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award may be filed with any court having competent jurisdiction.

You and We expressly acknowledge and agree that this Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA. If a final, non-appealable judgment of a court having competent jurisdiction over this transaction finds, for any reason, that the FAA does not apply to this transaction, then our agreement to arbitrate shall be governed by the arbitration law of the Miami Tribe of Oklahoma.

This Arbitration Provision is binding upon and benefits You, your respective heirs, successors and assigns. This Arbitration Provision is binding upon and benefits Us, our successors and assigns, and related third parties. This Arbitration Provision survives the termination of the relationship between You and Us, and continues in full force and effect, even if your obligations have been cancelled by prepayment, paid or discharged through bankruptcy. This

Arbitration Provision survives any termination, amendment, expiration or performance of any transaction between You and Us and continues in full force and effect unless You and We otherwise agree in writing. You hereby acknowledge and expressly agree that by executing this Note, submitting it to Us, and accepting the loan proceeds without cancelling your Loan:

BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES.

THIS ARBITRATION PROVISION DOES NOT PREVENT YOU FROM FILING YOUR DISPUTE WITH ANY FEDERAL, STATE OR LOCAL GOVERNMENT AGENCY THAT CAN, IF THE LAW ALLOWS, SEEK RELIEF AGAINST US ON YOUR BEHALF.

UNLESS YOU EXERCISE YOUR RIGHT TO OPT OUT OF THIS ARBITRATION PROVISION, AS DESCRIBED BELOW, YOU WILL BE FOREVER BOUND BY THE TERMS OF THIS ARBITRATION PROVISION. THIS ARBITRATION PROVISION LIMITS CERTAIN OF YOUR LEGAL RIGHTS, INCLUDING ANY RIGHT YOU MAY HAVE TO PURSUE A CLAIM OR DISPUTE IN A COURT OF COMPETENT JURISDICTION, YOUR RIGHT TO A JURY TRIAL, AND YOUR RIGHT TO PURSUE A CLAIM OR DISPUTE AS A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY.. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.. YOU SHOULD CONSULT LEGAL COUNSEL TO DETERMINE WHETHER THIS ARBITRATION PROVISION IS APPROPRIATE FOR YOU. BY EXECUTING THIS NOTE, SUBMITTING IT TO US, AND ACCEPTING THE LOAN PROCEEDS WITHOUT CANCELLING YOUR LOAN, YOU HERBY AGREE AND ACKNOWLEDGE THAT YOU HAVE HAD THE OPPORTUNITY TO NEGOTIATE THE TERMS OF THIS ARBITRATION PROVISION WITH US BUT HAVE CHOSEN NOT TO AND HAVE THE OPPORTUNITY TO SEEK THE ADVICE OF LEGAL COUNSEL. THIS ARBITRATION PROVISION IS THEREFORE TO BE INTERPRETED AND APPLIED SUCH THAT YOU AND WE HAVE EQUAL RIGHTS UNDER IT. YOU CAN OPT OUT OF ARBITRATION PROVISION BY FOLLOWING THE INSTRUCTIONS IN THE NEXT PARAGRAPH OF THIS ARBITRATION PROVISION.

OPT-OUT OF ARBITRATION PROVISION: YOU (BUT NOT WE) HAVE THE SOLE RIGHT TO REJECT THIS ARBITRATION PROVISION AS A MEANS OF ATTEMPTING TO RESOLVE DISPUTES WITH US AT ANY TIME WITHIN THIRTY (30) DAYS FOLLOWING YOUR ELECTRONIC SIGNATURE ON THIS NOTE. THAT IS, IF, AFTER SIGNING THIS NOTE, YOU CHOOSE TO NOT BE BOUND BY THE ARBITRATION PROVISION AS A MEANS OF RESOLVING DISPUTES, THEN YOU CAN REJECT THE ARBITRATION PROVISION BY GIVING US WRITTEN NOTICE OF YOUR REJECTION OF THE ARBITRATION PROVISION BY E-MAILING US AT ARBITRATIONOPTOUT@ameriloan.com. YOUR E-MAIL TO US OPTING OUT OF THIS ARBITRATION PROVISION SHOULD INCLUDE YOUR NAME, ADDRESS AND THE LOAN ID IDENTIFIED ABOVE AS WELL AS A STATEMENT THAT YOU DO NOT WISH TO RESOLVE DISPUTES WITH US THROUGH ARBITRATION. YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU MAY ONLY OPT OUT OF THIS ARBITRATION PROVISION IN THE MANNER DESCRIBED ABOVE AND IT IS NOT SUFFICIENT TO NOTIFY US OF YOUR INTENT TO OPT OUT OF THIS ARBITRATION PROVISION VIA TELEPHONE OR ANY OTHER MEANS. YOU CAN ONLY REJECT THE ARBITRATION PROVISION UNTIL THE THIRTIETH (30th) DAY, THEREAFTER YOU WILL BE BOUND BY THE TERMS OF THE ARBITRATION PROVISION. YOUR DECISION TO OPT OUT OF THE ARBITRATION PROVISION WILL HAVE NO ADVERSE EFFECT ON YOUR THE SERVICING AND COLLECTION YOUR LOAN. IF YOU REJECT THE ARBITRATION AGREEMENT, YOUR REJECTION APPLIES ONLY TO DISPUTES ARISING OUT OF THIS NOTE AND NOT TO FUTURE AGREEMENTS BETWEEN YOU AND US.

WAIVER OF JURY TRIAL: BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR AGAINST A RELATED THIRD PARTY.

CLASS-ACTION/REPRESENTATIVE WAIVER: BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO PURSUE OR PARTICIPATE IN REPRESENTATIVE CLAIMS AND YOU THEREFORE WILL NOT BE ALLOWED TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES. THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.

By electronically signing this Loan Note and Disclosure, I hereby acknowledge that I have read the Loan Note and Disclosure in its entirety, that I have carefully reviewed all of the terms and provisions contained in this Loan Note and Disclosure, that I have fully understand and comprehend the meaning of each and every word, phrase and provision contained in this Loan Note and Disclosure and that I hereby agree to abide by and be bound all of the terms and provisions in this Loan Note and Disclosure, including the terms and provisions of this Loan Note and Disclosure dealing with the LIMITED WAIVER OF SOVEREIGN IMMUNITY and the ARBITRATION PROVISION.

(X) CHRISTINA ACHEY              (X) CHRISTINA ACHEY                    (X) 10/10/2012

                                 Printed Name of Applicant             Date

# PRIVACY POLICY

| FACTS | WHAT DOES Ameriloan DO WITH YOUR PERSONAL INFORMATION? |
|---|---|
| **Why?** | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| **What?** | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br><br>• Social Security number and income<br>• employment information and payment history<br>• checking account information and credit history |
| **How?** | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons Ameriloan chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does Ameriloan share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes—** such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes—** to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | No | We don't share |
| **For our affiliates' everyday business purposes—** information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes—** information about your creditworthiness | No | We don't share |
| **For nonaffiliates to market to you** | No | We don't share |

| **Questions?** | Call 1-800-394-0089 |
|---|---|

**Who we are**

| **Who is providing this notice?** | MNE Services, Inc. dba Ameriloan |
|---|---|

**What we do**

| | |
|---|---|
| **How does Ameriloan protect my personal information?** | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. |
| **How does Ameriloan collect my personal information?** | We collect your personal information, for example, when you<br><br>• apply for a loan or tell us where to send the money<br>• provide income information or give us your contact information<br>• provide employment information<br><br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| **Why can't I limit all sharing?** | Federal law gives you the right to limit only<br><br>• sharing for affiliates' everyday business purposes—information about your creditworthiness<br>• affiliates from using your information to market to you<br>• sharing for nonaffiliates to market to you<br><br>State laws and individual companies may give you additional rights to limit sharing. |

**Definitions**

| | |
|---|---|
| **Affiliates** | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br><br>• *Our affiliated companies include hosting companies and financial services companies* |
| **Nonaffiliates** | Companies not related by common ownership or control. They can be financial and nonfinancial companies.<br><br>• *Ameriloan does not share with nonaffiliates so they can market to you* |
| **Joint marketing** | A formal agreement between nonaffiliated financial companies that together market financial products or services to you. |

- *Ameriloan doesn't jointly market*

# LOAN NOTE AND DISCLOSURE



**Borrower's Name: CHRISTINA ACHEY**     **Date: 10/10/2012 ID#: Ameriloan-**▮▮▮▮

**Parties:** In this Loan Note and Disclosure ("Note") "You" are the person named as Borrower above. "We", MNE Services, Inc. dba Ameriloan, and its Directors, Officers, Employees acting within the scope of their authority, are the Lender ("Lender"). All references to "We", "Us" or "Ourselves" means the Lender.

**Delivery Method of Notices:** Unless this Note specifies otherwise or unless We notify You of a change in writing, all notices and documents that You are to provide to Us shall be provided to Ameriloan at the fax number, email address or mailing address specified in this Note and in Your other loan documents.

**The Account:** You have deposit account, number \*\*\*\*\*\*\*▮ ("Account"), at ▮▮▮▮▮▮ ("Bank"). You authorize Us, Ameriloan, to affect an ACH credit entry to deposit the proceeds of the "Loan" (the Amount Financed indicated below) to Your Account at the Bank.

**Disclosure of Credit Terms:** The information in the following box is part of this Note.

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of Your credit as a yearly rate (e) | The dollar amount the credit will cost You. | The amount of credit provided to You or on Your behalf. | The amount You will have paid after You have made the scheduled payment. |
| **782.14%** | **$60.00** | **$200.00** | **$260.00** |

**Payment Schedule:** 1 payment of $260.00 due on 2012-10-26, if You decline\* the option of renewing Your Loan. If renewal is accepted, You will pay the Finance Charge of $60.00 only, on 2012-10-26. You will accrue a new Finance Charge at each renewal of Your Loan. On the due date resulting from a fourth renewal, and every due date thereafter, the outstanding principal of Your Loan must be paid down by $50.00. This means Your Account will be debited for the Finance Charge plus a $50.00 principal payment on the due date. This will continue until Your Loan is paid in full. If Your pay date falls on a weekend or holiday and You have direct deposit, Your Account will be debited on the business day prior to Your normal pay date. \*To decline the option of renewal Your signed Account Summary document must be received in Our office at least three business days before Your Loan is due. This Loan may be renewed on the payment of the Finance Charge only.

**Security:** The Loan is unsecured.

**Prepayment:** Finance charges are accrued at the time the loan is funded or in the case of a renewal, at the time You opt to renew. The Annual Percentage Rate is estimated based on the anticipated date the proceeds will be deposited to or paid on Your account, which is 10-12-2012.

**Itemization of Amount Financed of $200.00; Distributed to You directly: $200.00; Paid on Your account with Us: $0; Paid to other persons on Your behalf: $0; Prepaid finance charge: $0.** See below and Your other contract documents for any additional information about prepayment, nonpayment and default.

**Promise to Pay:** You promise to pay to Us or Our order, on the date indicated in the Payment Schedule, the Total of Payments, unless this Note is renewed. If this Note is renewed, then on the Due Date, You promise to pay the Finance Charge shown above. This Note will be renewed on the Due Date unless at least three business days before the due date either You give Us notice You do not want to renew the Note or We give You notice that the Note will not be renewed. Information regarding the renewal of Your Loan will be sent to You prior to any renewal showing the new due date, Finance Charge and all other disclosures. As used in the Note, the term "Business Day" means a day other than Saturday, Sunday or legal holiday, that the Lender is open for business. This Note may be renewed four times without having to make any principal payments on the Note. If this Note is renewed more than four times, then on the due date resulting from Your fourth renewal, and on the due date resulting from each and every subsequent renewal, You must pay the Finance Charge required to be paid on that due date and make a principal payment of at least $50.00. Unless you notify US differently, any payment due on the Note shall be made by Us effecting one or more ACH debit entries to Your Account at the Bank. You authorize Us to effect this payment by these ACH debit entries. You may revoke this authorization at any time, provided however, you provide us with notice up to three Business Days prior to the date any payment becomes due on this Note. However, if You revoke this authorization to effect ACH debit entries before the Loan(s) is paid in full, You expressly authorize Us to prepare and submit one or more remotely created checks drawn on Your Account(s) on or after the due date of Your Loan. You agree that Your express authorization to prepare and submit remotely created checks on Your behalf may not be revoked by You if Your Loan is in default, as that term is defined below. .

**Default:** The entire balance of the Loan shall become immediately due and payable without notification from Us if You fail to make any payment when due as agreed; or You made any false or misleading statement on any application, financial statement or other writing submitted to Us. If there are insufficient funds on deposit in Your Account to effect the ACH debit entry, to pay a check drawn on your Account or to otherwise cover the Loan payment on the due date, You promise to pay Us all sums You owe by another form of payment. If You tender Us a check, You authorize Us to perform an ACH debit on that Account in the amount specified.

**Return Item Fee:** If sufficient funds are not available in the Account to cover an ACH debit entry or , to pay a check drawn on your Account, You agree to pay Us a Return Item Fee of $30.00.

**Prepayment:** Although You may pay all or part of Your loan in advance at any time without penalty, You will not receive a refund or credit of any part or all of the earned Finance Charge.

**Governing Law:** Both parties agree that this Note and Your account shall be governed by all applicable federal laws and all laws of the Miami Tribe of Oklahoma, the regulatory authority of MNE Services, Inc. dba Ameriloan, regardless of the state or jurisdiction in which You reside, and Your electronic signature below is your consent to the exclusive exercise of regulatory and adjudicatory authority of the Miami Tribe of Oklahoma over all matters related to this Note and Your account, expressly and forever forsaking any other jurisdiction which either party may claim by virtue of any reason, including residency.

**Survival:** The provisions of this Loan Note and Disclosure dealing with the **LIMITED WAIVER OF SOVEREIGN IMMUNITY** and the **ARBITRATION PROVISION** shall survive repayment in full, termination and/or default of this Note.

**No Bankruptcy:** By electronically signing this Loan Note and Disclosure You represent that You have not filed for bankruptcy in the previous 90 days and You do not plan to do so.

**Privacy Policy:** To view Our Privacy Policy please click here. The Privacy Policy can be viewed at http://ameriloan.com/?page=info_privacy

**Right to Cancel:** You may cancel this Loan without cost to You or further obligation to Us, if You do so by the end of business on the business day after the Loan proceeds are deposited into Your checking Account. To submit Your cancellation form log into Your account at ameriloan.com.

---

## PLEASE READ THE FOLLOWING CAREFULLY AS IT IMPACTS YOUR LEGAL RIGHTS.

---

**LIMITED WAIVER OF SOVEREIGN IMMUNITY:** AS A WHOLLY OWNED SUBDIVISION OF A FEDERALLY RECOGNIZED INDIAN TRIBE, MNE Services, Inc. dba Ameriloan, AND ITS DIRECTORS, OFFICERS, AND EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR AUTHORITY, ARE NOT SUBJECT TO SUIT IN ANY COURT IN ANY JURISDICTION, OR ANY OTHER FORUM, ABSENT A WAIVER OF SOVEREIGN IMMUNITY.

SOLELY IN ORDER TO PROVIDE FOR THE RESOLUTION OF A DISPUTE THAT WE CANNOT RESOLVE TO YOUR SATISFACTION, SHOULD ANY OCCUR, MNE Services, Inc. DBA Ameriloan HEREBY CONSENTS TO A LIMITED WAIVER OF SOVEREIGN IMMUNITY, AS EXPRESSLY SET FORTH HEREIN, AND FURTHER LIMITED BY THE ARBITRATION PROVISION CONTAINED HEREIN. THIS LIMITED WAIVER IS STRICTLY LIMITED TO INDIVIDUAL ARBITRATION CLAIMS AS SET FORTH BELOW AND JUDICIAL ACTIONS TO ENFORCE SUCH INDIVIDUAL ARBITRATION AWARDS AS STRICTLY LIMITED HEREIN.

PLEASE BE ADVISED THAT IF YOU CHOOSE TO OPT OUT OF THE FOLLOWING ARBITRATION PROVISION AS DETAILED BELOW, YOUR ONLY OPTION OF PURSUING A CLAIM AGAINST US FOR ANY UNRESOLVED DISPUTE WILL BE TO TRY TO BRING AN ACTION IN A COURT OF COMPETENT JURISDICTION, IF ANY EXISTS, BUT IN ADDITION TO PROVING YOU ARE ENTITLED TO ANY RELIEF OR DAMAGES FROM MNE Services, Inc. DBA Ameriloan, YOU MAY ALSO HAVE TO PROVE THAT WE ARE NOT ENTITLED TO THE BENEFITS AND PROTECTIONS OF SOVEREIGN IMMUNITY.

<u>ARBITRATION PROVISION:</u> If any dispute arises that We cannot resolve to your satisfaction, You and We hereby agree that we shall arbitrate that dispute in accordance with the terms of this Arbitration Provision, absent You notifying Us of your intent to opt out of this Arbitration Provision as described below.

Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and to have a jury trial to resolved their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Each party to the dispute has an opportunity to present evidence to the arbitrator. Pre-arbitration discovery may be limited or unavailable. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decisions.

As used herein, the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation and whether past, present or future: (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, including the validity and scope of this Arbitration Provision, or any claim, dispute, or controversy relating to the interpretation, applicability, enforceability or formation of this Note, including, but not limited to any claim that all or any part of this Note or Arbitration Provision is void, voidable, invalid or unenforceable; (b) all federal or state law claims arising from or relating directly and/or indirectly to this Note, the information You gave Us before entering into the Note, and/or any past agreement or agreements between You and Us; (c) all counterclaims, cross-claims and third party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by Us against You, including claims for money damages to collect any sum We claim You owe Us; (g) all claims asserted by You individually against Us, and/or any of our Directors, Officers, Employees acting within the scope of their authority, any of our agents or servicers and/or any of their employees, directors, officers, shareholders, governors, managers, members, parents, subsidiaries, or any affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on your behalf by another person; (i) all claims asserted by You as a private attorney general, as a representative and/or member of a class of persons, and/or in any other representative capacity against Us and/or related third parties (hereinafter referred to as "Representative Claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by Us or related third parties of any non-public personal information about You.

Any party to a dispute, including You, Us and/or related third parties, may send the other party(s) written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, the arbitration shall occur before the American Arbitration Association (1-800-778-7879; http://www.adr.org). However, the parties may mutually agree to select a different arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association and arbitrate pursuant to such arbitrator's rules. The party receiving notice of arbitration shall respond in writing by certified mail return receipt requested within twenty (20) days. All parties to such dispute will be governed by the rules and procedures of the American Arbitration Association applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Note or this Arbitration Provision, including the limitations on the arbitrator below. You may obtain a copy of the rules and procedures by contacting the American Arbitration Association (1-800-778-7879; http://www.adr.org).

Regardless of who demands arbitration, We will advance your portion of the expenses associated with the arbitration, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitration hearing will be conducted in the county of your residence, unless You agree to a different location. In conducting the arbitration proceeding, the arbitrator shall not apply any federal or state rules of civil procedure or evidence. If the arbitrator renders a decision or an award in your favor resolving the dispute, the arbitrator shall award You reasonable attorneys' fees. If the arbitrator renders a decision or an award in your favor resolving the dispute then You will not be responsible for reimbursing Us for your portion of the Arbitration Fees and We will reimburse You for any Arbitration Fees You have previously paid. Regardless of whether the arbitrator renders a decision or an award in your favor resolving the dispute, You will not be responsible for reimbursing Us for your portion of the Arbitration Fees and We are not entitled to an award of attorneys' fees. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award may be filed with any court having competent jurisdiction.

You and We expressly acknowledge and agree that this Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA. If a final, non-appealable judgment of a court having competent jurisdiction over this transaction finds, for any reason, that the FAA does not apply to this transaction, then our agreement to arbitrate shall be governed by the arbitration law of the Miami Tribe of Oklahoma.

This Arbitration Provision is binding upon and benefits You, your respective heirs, successors and assigns. This Arbitration Provision is binding upon and benefits Us, our successors and assigns, and related third parties. This Arbitration Provision survives the termination of the relationship between You and Us, and continues in full force and effect, even if your obligations have been cancelled by prepayment, paid or discharged through bankruptcy. This Arbitration Provision survives any termination, amendment, expiration or performance of any transaction between You and Us and continues in full force and effect unless You and We otherwise agree in writing. You hereby acknowledge and expressly agree that by executing this Note, submitting it to Us, and accepting the loan proceeds without cancelling your Loan:

BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES.

THIS ARBITRATION PROVISION DOES NOT PREVENT YOU FROM FILING YOUR DISPUTE WITH ANY FEDERAL, STATE OR LOCAL GOVERNMENT AGENCY THAT CAN, IF THE LAW ALLOWS, SEEK RELIEF AGAINST US ON YOUR BEHALF.

UNLESS YOU EXERCISE YOUR RIGHT TO OPT OUT OF THIS ARBITRATION PROVISION, AS DESCRIBED BELOW, YOU WILL BE FOREVER BOUND BY THE TERMS OF THIS ARBITRATION PROVISION. THIS ARBITRATION PROVISION LIMITS CERTAIN OF YOUR LEGAL RIGHTS, INCLUDING ANY RIGHT YOU MAY HAVE TO PURSUE A CLAIM OR DISPUTE IN A COURT OF COMPETENT JURISDICTION. YOUR RIGHT TO A JURY TRIAL, AND YOUR RIGHT TO PURSUE A CLAIM OR DISPUTE AS A CLASS ACTION OR SIMILAR PROCEEDING.. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES. YOU SHOULD CONSULT LEGAL COUNSEL TO DETERMINE WHETHER THIS ARBITRATION

PROVISION IS APPROPRIATE FOR YOU. BY EXECUTING THIS NOTE, SUBMITTING IT TO US, AND ACCEPTING THE LOAN PROCEEDS WITHOUT CANCELLING YOUR LOAN, YOU HERBY AGREE AND ACKNOWLEDGE THAT YOU HAVE HAD THE OPPORTUNITY TO NEGOTIATE THE TERMS OF THIS ARBITRATION PROVISION WITH US BUT HAVE CHOSEN NOT TO AND HAVE HAD THE OPPORTUNITY TO SEEK THE ADVICE OF LEGAL COUNSEL. THIS ARBITRATION PROVISION IS THEREFORE TO BE INTERPRETED AND APPLIED SUCH THAT YOU AND WE HAVE EQUAL RIGHTS UNDER IT. YOU CAN OPT OUT OF ARBITRATION PROVISION BY FOLLOWING THE INSTRUCTIONS IN THE NEXT PARAGRAPH OF THIS ARBITRATION PROVISION.

OPT-OUT OF ARBITRATION PROVISION: YOU (BUT NOT WE) HAVE THE SOLE RIGHT TO REJECT THIS ARBITRATION PROVISION AS A MEANS OF ATTEMPTING TO RESOLVE DISPUTES WITH US AT ANY TIME WITHIN THIRTY (30) DAYS FOLLOWING YOUR ELECTRONIC SIGNATURE ON THIS NOTE. THAT IS, IF, AFTER SIGNING THIS NOTE, YOU CHOOSE TO NOT BE BOUND BY THE ARBITRATION PROVISION AS A MEANS OF RESOLVING DISPUTES, THEN YOU CAN REJECT THE ARBITRATION PROVISION BY GIVING US WRITTEN NOTICE OF YOUR REJECTION OF THE ARBITRATION PROVISION BY E-MAILING US AT ARBITRATIONOPTOUT@ameriloan.com. YOUR E-MAIL TO US OPTING OUT OF THIS ARBITRATION PROVISION SHOULD INCLUDE YOUR NAME, ADDRESS AND THE LOAN ID IDENTIFIED ABOVE AS WELL AS A STATEMENT THAT YOU DO NOT WISH TO RESOLVE DISPUTES WITH US THROUGH ARBITRATION. YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU MAY ONLY OPT OUT OF THIS ARBITRATION PROVISION IN THE MANNER DESCRIBED ABOVE AND IT IS NOT SUFFICIENT TO NOTIFY US OF YOUR INTENT TO OPT OUT OF THIS ARBITRATION PROVISION VIA TELEPHONE OR ANY OTHER MEANS. YOU CAN ONLY REJECT THE ARBITRATION PROVISION UNTIL THE THIRTIETH (30th) DAY, THEREAFTER YOU WILL BE BOUND BY THE TERMS OF THE ARBITRATION PROVISION. YOUR DECISION TO OPT OUT OF THE ARBITRATION PROVISION WILL HAVE NO ADVERSE EFFECT ON YOUR THE SERVICING AND COLLECTION YOUR LOAN. IF YOU REJECT THE ARBITRATION AGREEMENT, YOUR REJECTION APPLIES ONLY TO DISPUTES ARISING OUT OF THIS NOTE AND NOT TO FUTURE AGREEMENTS BETWEEN YOU AND US.

WAIVER OF JURY TRIAL: BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR AGAINST A RELATED THIRD PARTY.

CLASS-ACTION/REPRESENTATIVE WAIVER: BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO PURSUE OR PARTICIPATE IN REPRESENTATIVE CLAIMS AND YOU THEREFORE WILL NOT BE ALLOWED TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES. THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.

By electronically signing this Loan Note and Disclosure, I hereby acknowledge that I have read the Loan Note and Disclosure in its entirety, that I have carefully reviewed all of the terms and provisions contained in this Loan Note and Disclosure, that I have fully understand and comprehend the meaning of each and every word, phrase and provision contained in this Loan Note and Disclosure and that I hereby agree to abide by and be bound all of the terms and provisions in this Loan Note and Disclosure, including the terms and provisions of this Loan Note and Disclosure dealing with the LIMITED WAIVER OF SOVEREIGN IMMUNITY and the ARBITRATION PROVISION.

| CHRISTINA ACHEY | CHRISTINA ACHEY | 10/10/2012 |
| | Printed Name of Applicant | Date |



**Authorization to Affect
ACH Credit and Debit
Entries**



**AMERILOAN®**
*Where America Goes For Cash Advances*

<u>Credit Authorization</u>

You have deposit account, number ********■ ("Account"), at People First FCU ("Bank"). You authorize Us, MNE Services, Inc. dba Ameriloan, to affect an ACH credit entry to deposit the proceeds of the Loan (the Amount Financed indicated on Your Loan Note and Disclosure) to Your Account at the Bank.

<u>Debit Authorization</u>

You authorize Us, Ameriloan, or Our servicer, agent, or affiliate to initiate one or more ACH debit entries (for example, at Our option one debit entry may be made for the principal of the loan and another for a finance charge) to Your Account indicated below for payments that come due each pay period and / or each due date concerning every renewal, if applicable, with regard to the Loan for which You are applying. If Your pay date falls on a weekend or holiday and You have direct deposit, Your account will be debited the business day prior to Your normal pay date unless you contact Us to make other arrangements. Should you wish to adjust Your payment schedule, please contact Customer Service at least 3 business ahead of Your scheduled due date via email at customerservice@Ameriloan.com or via fax at 1-800-256-9166 or by logging into Your account at ameriloan.com. You REPRESENT that Your Account at the Depository Institution named below, called Bank, is capable of receiving such debit such entries:

| __Bank Name__ | __Routing/ABA No.__ | __Account No.__ | __Account Type__ |
|---|---|---|---|
| ■ | ■ | ********■ | Checking |

This authorization becomes effective at the time we approve the Loan for which You are applying and will remain in full force and effect until we have received written notice from You of its termination. This authorizes Us to make ACH debit entries with regard to any other loan You may have received with Us. You may revoke this authorization to affect an ACH debit entry to Your Account(s) by giving written notice of revocation to Us, which must be received no later than 3 business days prior to the due date of Your scheduled payment. In order to revoke this authorization to affect an ACH debit entry to Your Account(s), You must notify Us in writing at Ameriloan 3531 P Street NW Miami, OK 74355 or via email at customerservice@Ameriloan.com or via fax at 1-800-256-9166.

If there are insufficient funds in Your Account on the date we attempt to affect an ACH debit entry to pay all or part of what You owe, You will incur a Return Item Fee of $30.00. Your Bank may also impose fees for returning ACH debit entries unpaid and if this practice persists, may even cancel Your deposit account.

If there is any change in Your bank information above (Bank name or Account information), You MUST PROVIDE US WITH UPDATED INFORMATION AND COMPLETE A NEW AUTHORIZATION TO AFFECT ACH CREDIT AND DEBIT ENTRIES. You authorize Us to correct any missing or erroneous information that You provide by calling the Bank.

| __CHRISTINA ACHEY__ | __10/10/2012__ | __CHRISTINA ACHEY__ |
|---|---|---|
| | **Date** | **Print Name of Applicant** |

# Electronic Disclosure and Consent Agreement

You are submitting an application to MNE Services, Inc. dba Ameriloan via the Internet. In order to process this application, Ameriloan needs You to agree to receive certain disclosures and documents electronically. This Electronic Disclosure and Consent Agreement applies to this application and any other communications We may provide to You during the process of Your applying for or Us servicing Your account. By submitting Your application You agree to receive all such disclosures and documents in electronic form or online in accordance with this document. You may withdraw Your consent prior to submitting Your application by exiting the application website or by closing Your browser. However, You will not be able to submit Your application if You withdraw Your consent by exiting the website or closing Your browser. In addition, because We are required to provide You with certain disclosures and documents prior to extending an offer to You, You cannot withdraw Your consent after the submission of Your application.

1. To access, view and retain the documents that We make available to You in electronic form, You must have the following hardware and software (We have included Our recommended hardware and system requirements):

- An Internet browser that supports 128-bit encryption (Microsoft Explorer 6.0 or higher [7.0 or higher recommended], Firefox 1.5 or higher);
- Sufficient electronic storage capacity on Your computer's hard drive or other data storage unit (64MB of memory);
- An e-mail account with an Internet service provider and e-mail software in order to receive electronic communications from Us (56k modem);
- A personal computer (equipped with 133MHz processor and 1024 x 768 screen resolution is recommended), operating system and telecommunications connections to the Internet capable of receiving, accessing, displaying and either printing or storing Account Documents received from Us in electronic form via a plain text-formatted e-mail or by access to Our website using one of the browsers specified above.
- Adobe® Acrobat Reader (5.0 or higher).

It is likely that You are already using all the hardware and software You need to access the disclosures and documents electronically as You are accessing this Electronic Disclosure and Consent Agreement via the Internet.

2. You consent to receive any disclosures or documents in electronic format.

3. All documents that We provide to You in electronic format will be provided either (i) via e-mail; (ii) by access to a secure customer service website which will be provided to You in an e-mail notice We send to You when the documents are available; or (iii) by posting on a website that We designate for that purpose.

4. All documents provided in electronic or paper format from Us to You will be considered "in writing." You should print a copy of Your Account Documents for Your records by using the "print" button in Your browser.

5. You are required to provide Us with an accurate and complete e-mail address and other information related to Your account and to maintain and update any changes to the information promptly. You can update information by contacting Us 1-800-362-9090 or by accessing Your account online at ameriloan.com.

6. You may obtain any disclosures or documents in paper form without charge from Us by printing them Yourself from Our website. At Your request, We will provide You with a paper copy of any disclosures or documents (to the extent We maintain the ability to print such paper copies) at no cost. Contact Us in writing at Ameriloan 3531 P Street NW Miami, OK 74355 and list the documents by name that You wish to have provided as a paper copy. The letter will need to include Your name, application id and a contact number where We can reach You should We have any questions regarding Your request. Your request will also need to include an address or fax number where You can receive the paper copies of the documents. Please allow up to 14 days for this request to be processed.

7. We reserve the right, in Our sole discretion, to discontinue electronic provision of documents. We will provide You with notice of any such termination or change as required by law.

8. You agree and We both intend the federal Electronic Signatures in Global and National Commerce Act to apply to (i) this Consent to receive documents in electronic form; (ii) Your application; and (iii) Our ability to conduct business with You by electronic means.

9. To facilitate electronic commerce, to reduce the expense of records storage, and to obtain the benefits of faster access to records, You acknowledge and agree that We may in Our discretion store all records electronically; and that We will not retain and have no obligation to retain any original or electronic documents for any period of time beyond the regulatory requirements. This applies to all documentation including but not limited to checks, transaction records, notes, applications, faxes, email correspondence and other loan documentation. You further acknowledge and understand that We will routinely destroy all original and electronic documentation but not before the period of time designated by regulatory requirements. We may store records electronically via imaging, scanning, filming or other technology used in the financial services industry for the storage of documentation via internal processes or third-party processors that We approve for these services. You agree that such storage shall be secure, and further agree that such records shall for all purposes be recognized and admissible in evidence or otherwise to prove the agreements, rights and obligations of the parties pursuant to any such records.

10. By completing and submitting Your application, You (i) confirm Your consent to receive disclosures and documents in electronic format; (ii) affirmatively demonstrate Your ability to access the documents in electronic form; (iii) confirm that You have provided a current e-mail address at which We can send electronic documents to You; iv) acknowledge that You have accessed the Consent; and (v) agree to the terms of this Consent.

| | | |
|---|---|---|
| **CHRISTINA ACHEY** | **10/10/2012** | **CHRISTINA ACHEY** |
| | Date | Print Name of Applicant |

# EXHIBIT 10

**Subject:** Ameriloan Important Document

## Consent for Electronic Signatures, Records, and Disclosures Agreement

*Please read this Agreement carefully and print a copy and/or retain this information electronically for future reference.*

**Introduction.** You are applying for a loan from MNE Services, Inc. dba Ameriloan, (hereinafter "we," "us", "our", or "Ameriloan"). To provide you with services online, we need your consent to using and accepting electronic signatures, electronic records, and electronic disclosures ("Your Consent"). This Consent for Electronic Signatures, Records, and Disclosures Agreement ("Agreement") not only informs you of how you will receive disclosures, notices and information from Ameriloan about your account with Ameriloan ("Required Information"), but also contains your agreement on those matters. With Your Consent, Ameriloan can deliver Required Information to you quickly and conveniently by displaying and receiving the Required Information on this website electronically and allowing you to print or electronically store the Required Information and retain it for your records.

**Option for Paper or Non-Electronic Records.** You may obtain any Required Information in paper copy by logging in and printing a paper copy. You may also call us at 1-800-362-9090 or mail us your written request to Ameriloan at 3531 P Street NW Miami, OK 74355 to obtain any Required Information. We will provide paper copies at no charge. Copies of Required Information can also be obtained by accessing your account online at http://www.ameriloan.com.

**Scope of Consent.** The Required Information covered by Your Consent includes, among other things, any notices and disclosures required by applicable law. Your Consent and agreement to conduct transactions electronically apply to all transactions between you and Ameriloan and all communication you may have with Ameriloan. By exercising Your Consent, Ameriloan will process your application information and interact during this transaction and any future transaction with you electronically. We will also send you notices related to your application, any transaction you enter, and other notices electronically.

For purposes of this Agreement, the term "electronic record" means a contract or other record created, generated, sent, communicated, received, or stored by electronic means. The term "electronic signature" means an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the intent to sign the record.

**THIS AGREEMENT CONTAINS IMPORTANT INFORMATION THAT YOU SHOULD REVIEW PRIOR TO CONSENTING TO ELECTRONIC DELIVERY OF REQUIRED INFORMATION. YOUR CONSENT ALSO PERMITS THE GENERAL USE OF ELECTRONIC RECORDS AND ELECTRONIC SIGNATURES IN CONNECTION WITH YOUR ACCOUNT. PLEASE READ THIS INFORMATION CAREFULLY AND PRINT OR DOWNLOAD A COPY FOR YOUR FILES.**

After you have read this Agreement, if you agree to receive Required Information from Ameriloan electronically and if you agree to the general use of electronic records and electronic signatures in connection with your account with Ameriloan, please sign this Agreement with your electronic signature below. In addition to the foregoing, the following outlines the terms of Your Consent:

    a. **Right to paper records.** As set forth above, you may request to receive Required Information on paper at no cost to you. But if you do not consent to electronic delivery of Required Information, it will not be possible for you to obtain a loan and maintain a Ameriloan account.

    b. **Right to withdraw consent.** If you consent to electronic delivery of Required Information, you may withdraw that consent at any time. Withdrawing Your Consent, however, will result in your inability to modify payment dates and amounts on your loan and your inability to get another loan with us absent your agreement to a new Consent for Electronic Signatures, Records, and Disclosures Agreement for that loan. If at any time after your account with Ameriloan is opened you wish to withdraw Your Consent, you may do so by sending us your request in writing to Ameriloan, 3531 P Street NW Miami, OK 74355. If you decide to withdraw Your Consent, the legal effectiveness, validity and/or enforceability of prior electronic disclosures of Required Information shall not be affected.

    c. **Consent applies during our relationship, not just the initial transaction.** If you consent to electronic delivery of Required Information, that consent applies to all Required Information Ameriloan gives you or receives from you in connection with a Ameriloan account over the life of Ameriloan's relationship with you.

    d. **Change to your contact information.** You should provide us with an accurate and complete e-mail address and other information related to your account and to maintain and update any changes promptly. You can update information by contacting us at 1-800-362-9090 or by e-mail at Customerservice@ameriloan.com or by accessing your account online at http://www.ameriloan.com.

    e. **Hardware and Software Requirements.** To access and retain electronic disclosures from Ameriloan, you must be able to view the disclosures on your monitor and send screen prints to your printer. Most Internet browsers provide a convenient method of printing the material you view on your monitor. In order to receive Required Information you must have the following hardware and software:

        O A PC or Mac® compatible computer or other device capable of accessing the Internet and an Internet Browser software program that supports at least 128-bit encryption (Microsoft Explorer 6.0®, Safari 4.0® and Firefox 1.5® or higher are recommended);

        O Sufficient electronic storage capacity on your computer's hard drive or other data storage unit (64mb of memory);

        O An e-mail account with an Internet service provider and e-mail software in order to receive electronic communications from us;

        O A personal computer (equipped with 133Mhz processor and 1024 x 768 screen resolution is recommended), operating system and telecommunications connections to the Internet capable of receiving, assessing, displaying and either printing or storing your account documents in electronic form via a plain text-formatted e-mail or by access to our website using one of the browsers specified above;

        O To read some documents, you may need a PDF file reader like Adobe® Acrobat Reader (5.0 or higher), Xpdf® or Foxit®; and

        O A printer or a long-term storage device, such as your computer's disk drive, to print or electronically retain a copy of the Required Information for future reference.

    f. It is likely that you are already using all necessary hardware and software as you are accessing this consent via the Internet. If at any time during this transaction or our future transactions with you these requirements change in a way that creates a material risk that you may not be able to receive Required Information electronically, Ameriloan will notify you of these changes. For questions regarding the hardware and software requirements, you may send us your written questions by mail to Ameriloan at 3531 P Street NW Miami, OK 74355.

    g. **Right to Send Required Information on Paper.** Your Consent does not mean that Ameriloan must provide the Required Information electronically. Ameriloan may, at its option, deliver Required Information on paper if it chooses to do so. Ameriloan may also require that certain communications from you be delivered to Ameriloan on paper at a specified address.

    h. **Storage of Required Information.** To facilitate electronic commerce, to reduce the expense of records storage, and to obtain the benefits of faster access to records, Ameriloan may, in its discretion: (i) store all records electronically; (ii) retain all records electronically, but we have no obligation to retain any original or electronic documents (including but not limited to checks, transactions records, notes, applications, faxes,

e-mail correspondence and other loan documentation) for any period of time beyond any applicable regulatory requirements; (iii) routinely destroy all original and electronic documentation, but not before the period of time designated by applicable regulatory requirements; and (iv) may store records electronically via imaging, scanning, filming or other technology used in the financial services industry for the storage of documentation via internal processes or third-party processors that Ameriloan approves for these services. Such stored Required Information shall for all purposes be recognized and admissible as evidence or otherwise to prove the agreements, rights and obligations of the parties pursuant to any such records.

**YOUR ABILITY TO ACCESS DISCLOSURES.** You acknowledge that you can access any Required Information in the designated formats described above. Once you give Your Consent you can log into the website to access these documents.

**YOUR CONSENT.** You acknowledge you have read this information about electronic signatures, records, disclosures, notices, e-mail, and doing business electronically. You have been able to view these disclosures by using a computer and software that demonstrates you can access information in electronic form. You consent to using electronic signatures, having all disclosures provided or made available to you in electronic form and to doing business with us electronically in place of written documents and handwritten signatures. You acknowledge that you may request a paper copy of the Required Information, which we will provide to you at no charge.

(X)CHRISTINA ACHEY                    CHRISTINA ACHEY                    07-10-2013

Electronic Signature of Applicant         Printed Name of Applicant          Date



**AMERILOAN®**
*Where America Goes For Cash Advances*

# Loan Application

Applicant: **CHRISTINA ACHEY**
Account ID: ▮▮▮▮▮

Date: **07-10-2013**
Lender: **MNE Services, Inc. dba Ameriloan**

| Personal Information | | |
|---|---|---|
| **Name:** CHRISTINA ACHEY | **Address:** ▮▮▮ | |
| **E-Mail address:** ▮▮▮ | **City, State, Zip:** ▮▮▮ PA ▮▮▮ | |
| **Home Phone #:** ▮▮▮ | **Country:** USA | |
| **Cell Phone:** ▮▮▮ | **Driver's State/License:** ▮▮▮ | |
| **DOB:** ▮▮▮ | **SSN:** \*\*\*-\*\*-▮▮▮ | |

| Employment Information | |
|---|---|
| **Source of Income:** employment | **Work Department:** |
| **Employed 3+ Months:** Yes | **Military:** ▮ |
| **Employer:** ▮▮▮ | **Monthly Income*:** ▮▮▮ |
| **Work Phone:** ▮▮▮ | **Method of Payment:** Direct Deposit |
| **Work Ext:** | **Frequency of Payment:** bi-weekly |
| **Work Shift:** | **Projected Next 4 Paydates:** 07-19-2013 & 08-02-2013 & 08-16-2013 & 08-30-2013 ** |

| Banking Information | |
|---|---|
| **Bank Name:** ▮▮▮ | **ABA:** ▮▮▮ |
| **Account Type:** Checking | **Account Number:** \*\*\*\*\*\*\*\*▮▮▮ |

| Personal References*** | |
|---|---|
| **Name:** ▮▮▮ | **Name:** ▮▮▮ |
| **Relationship:** ▮▮▮ | **Relationship:** ▮▮▮ |
| **Phone:** | **Phone:** |

*Monthly income may include your annual salary, pension, social security or other sources of income after taxes are deducted. Alimony, child support or separate maintenance income need not be revealed if You do not wish to have it considered as a basis for repaying this obligation.
**Projected Next 4 Paydates --- based on information supplied in this Loan Application regarding frequency paid, days of week paid and payment method.
***By submitting these individuals as references on this Loan Application, You hereby grant Us express consent to contact these individuals in attempt to locate You for collection purposes, and, further, You hereby grant Us express consent to disclose to these individuals the fact that You have a Ameriloan account and that We are attempting to reach You regarding your account. We will not disclose account terms, status, or current balance to any third party unless You expressly authorize Us to do so.

**Parties:** In this Loan Application "You" are the person named above. "We" or "Us" are MNE Services, Inc. dba Ameriloan and its directors, officers, employees, authorized representatives, agents and successors in interest acting within the scope of their authority.

**Notice:** In order to comply with the requirements of Section 326 of the USA Patriot Act, We are required by law to adopt procedures to request and retain in our records information necessary to verify your identity.

**Consents for Telephone Numbers You Provide:** By providing any telephone number in this Loan Application, or for any telephone number You subsequently provide verbally or in writing to Us and even if a telephone number You provided is listed on any Do Not Call list, You hereby grant Us express consent to do any of the following at any time from 8:00 AM up to 9:00 PM in your local time zone, unless prohibited by applicable law:

- To contact You and/or leave messages at such telephone number(s) regarding your application and/or account with Us;
- To contact You and/or leave messages at such telephone number(s) regarding any future loans with Us;
- To contact You and/or leave messages at such telephone number(s) containing a payment reminder;
- To contact You and/or leave messages at such telephone number(s) using an automatic telephone dialing system or similar technology; and
- To contact You and/or leave messages at such telephone number(s) using a prerecorded message or an artificial voice message.

You may withdraw these consents by contacting Us at customerservice@Ameriloan.com or 1-800-362-9090.

**Consent for Cell Phone Numbers You Provide:** By providing a telephone number for a cell phone or other wireless device in this Loan Application, or for any telephone number for a cell phone or other wireless device You subsequently provide verbally or in writing to Us, You hereby grant Us express consent to contact You via text messages at any such telephone number. You acknowledge that some text messages sent by Us may contain a link to a website that may require the use of a web browser via your cell phone. You further acknowledge You may incur fees from your cellular provider for any messages and

You hereby acknowledge and expressly agree that any and all charges You incur for any call made by Us to You, for any text message We send to You, and for the use of a web browser via your cell phone because of a link in a text message We sent to You, are solely your responsibility. You may withdraw this consent by contacting Us at customerservice@Ameriloan.com or 1-800-362-9090.

**Consent to Autodial Cell Phone and Other Wireless Device:** By providing a telephone number for a cell phone or other wireless device in this Loan Application, or for any telephone number for a cell phone or other wireless device You subsequently provide verbally or in writing to Us, You hereby grant Us express consent to contact You at any such telephone number, including but not limited to, by using an automatic telephone dialing system or similar technology to leave a prerecorded message and/or an artificial voice message. You may withdraw this consent by contacting Us at customerservice@Ameriloan.com or 1-800-362-9090.

**Consents Regarding E-mail Addresses:** By submitting your e-mail address in this Loan Application, You hereby grant Us express consent to contact You via e-mail communication regarding your application, your account and any future loans with Us. You hereby consent to receive any such e-mail so it will not be considered spam or unauthorized by any local, state or federal law or regulation. You must notify Us of your e-mail address change. You agree to receive all current and future notices, disclosures and communications from Us electronically in accordance with the Electronic Disclosure and Consent Agreement located at http://Ameriloan.com/?page=info_edisclosure. You may withdraw this consent by contacting Us at customerservice@Ameriloan.com or 1-800-362-9090.

**Borrower's Consent to Processing:** By clicking on any button indicating an acceptance or agreement to terms, a continuance of processing or any other submission for processing, You understand that You are agreeing to the stated terms and conditions of that submission. You represent that all of the information You have provided on this Loan Application is true, correct and complete. By submitting this Loan Application, You hereby authorize Us to verify any information that You have provided and acknowledge that this information may be used to verify past or current credit or payment history information from third party sources such as a consumer reporting agency. We may disclose all or some of the non-public personal information about You that We collect to financial service providers that perform services on our behalf, such as to financial institutions with which We have joint marketing arrangements. Such disclosures are also made as necessary to administer and enforce the loan You have requested.

# PLEASE READ THE FOLLOWING CAREFULLY
# AS IT IMPACTS YOUR LEGAL RIGHTS.

**LIMITED WAIVER OF SOVEREIGN IMMUNITY:** AS A WHOLLY OWNED SUBDIVISION OF A FEDERALLY RECOGNIZED INDIAN TRIBE, WE ARE NOT SUBJECT TO SUIT IN ANY COURT IN ANY JURISDICTION, OR ANY OTHER FORUM, ABSENT AN EXPRESS WAIVER OF SOVEREIGN IMMUNITY. SOLELY IN ORDER TO PROVIDE FOR THE RESOLUTION OF A DISPUTE THAT WE CANNOT RESOLVE TO YOUR SATISFACTION, SHOULD ANY OCCUR, WE HEREBY CONSENT TO A LIMITED WAIVER OF SOVEREIGN IMMUNITY, AS EXPRESSLY SET FORTH HEREIN, AND FURTHER LIMITED BY THE ARBITRATION PROVISION CONTAINED HEREIN. THIS LIMITED WAIVER IS STRICTLY LIMITED TO INDIVIDUAL ARBITRATION CLAIMS AS SET FORTH BELOW AND JUDICIAL ACTIONS TO ENFORCE SUCH INDIVIDUAL ARBITRATION AWARDS AS STRICTLY LIMITED HEREIN.

PLEASE BE ADVISED THAT IF YOU CHOOSE TO OPT OUT OF THE FOLLOWING ARBITRATION PROVISION AS DETAILED BELOW, YOUR ONLY OPTION FOR PURSUING A CLAIM AGAINST US FOR ANY UNRESOLVED DISPUTE WILL BE TO TRY TO BRING AN ACTION IN A COURT OF COMPETENT JURISDICTION, IF ANY EXISTS, BUT IN ADDITION TO PROVING YOU ARE ENTITLED TO ANY RELIEF OR DAMAGES FROM US, YOU MAY ALSO HAVE TO PROVE THAT WE ARE NOT ENTITLED TO THE BENEFITS AND PROTECTIONS OF SOVEREIGN IMMUNITY.

**ARBITRATION PROVISION:** If any dispute arises that We cannot resolve to your satisfaction, You and We hereby agree that we shall arbitrate that dispute in accordance with the terms of this Arbitration Provision, absent You notifying Us of your intent to opt out of this Arbitration Provision as described below.

Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and have a judge or jury resolve their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Each party to the dispute has an opportunity to present evidence to the arbitrator. Pre-arbitration discovery may be limited or unavailable. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision.

As used herein, the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation and whether past, present or future: (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Loan Application, including the validity and scope of this Arbitration Provision, or any claim, dispute, or controversy relating to the interpretation, applicability, enforceability or formation of this Loan Application and any loan agreement based off this Loan Application, including, but not limited to any claim that all or any part of this Loan Application and any loan agreement based off this Loan Application or any claim that this Arbitration Provision is void, voidable, invalid or unenforceable; (b) all federal or state law claims arising from or relating directly or indirectly to this Loan Application and any loan agreement based off this Loan Application, the information You gave Us as part of this Loan Application, and/or any past agreement or agreements between You and Us; (c) all counterclaims, cross-claims and third party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by Us against You, including claims for money damages to collect any sum We claim You owe Us; (g) all claims asserted by You individually against Us, and/or any of our agents, consultants, or servicers and/or any of their employees, directors, officers, shareholders, managers, members, parents, subsidiaries, or any affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on your behalf by another person; (i) all claims asserted by You as a private attorney general, as a representative and/or member of a class of persons, and/or in any other representative capacity against Us and/or related third parties (hereinafter referred to as "representative claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by Us or related third parties of any non-public personal information about You.

Any party to a dispute, including You, Us and/or related third parties, may send the other party or parties written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, the arbitration shall occur before the American Arbitration Association (1-800-778-7879; http://www.adr.org) or JAMS (1-800-352-5267; http://www.jamsadr.com). If neither the American Arbitration Association nor JAMS can or will accept a dispute, however, the parties shall select a different arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association and arbitrate pursuant to such arbitrator's rules. The party receiving notice of arbitration shall respond in writing by certified mail return receipt requested within twenty (20) days. All parties to such dispute will be governed by the rules and procedures of the chosen arbitration association applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Arbitration Provision, including the limitations on the arbitrator below.

Regardless of who demands arbitration, We will advance your portion of the expenses associated with the arbitration, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA")

and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitration hearing will be conducted in the county of your residence, unless You agree to a different location. In conducting the arbitration proceeding, the arbitrator shall not apply any federal or state rules of civil procedure or evidence. If the arbitrator renders a decision in your favor, the arbitrator shall award You reasonable attorneys' fees. If the arbitrator renders a decision in your favor, You will not be responsible for reimbursing Us for your portion of the Arbitration Fees and We will reimburse You for any Arbitration Fees You previously paid. Regardless of whether the arbitrator renders a decision in your favor, You will not be responsible for reimbursing Us for your portion of the Arbitration Fees and We are not entitled to an award of attorneys' fees. At the timely request of any party, the arbitrator shall provide a written explanation of the arbitrator's decision. The arbitrator's decision may be filed with any court having competent jurisdiction.

You and We expressly acknowledge and agree that this Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA. If a final, non-appealable judgment of a court having competent jurisdiction over this transaction finds, for any reason, that the FAA does not apply to this transaction, then our agreement to arbitrate shall be governed by the arbitration law of the Miami Tribe of Oklahoma.

This Arbitration Provision is binding upon and benefits You and your respective heirs, successors and assigns. This Arbitration Provision is binding upon and benefits Us, our successors and assigns, and related third parties. This Arbitration Provision survives the termination of the relationship between You and Us, and continues in full force and effect, even if your obligations have been cancelled by prepayment, paid or discharged through bankruptcy. This Arbitration Provision survives any termination, amendment, expiration or performance of any transaction between You and Us and continues in full force and effect unless You and We otherwise agree in writing.

BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO FILE A LAWSUIT AND HAVE A JUDGE OR JURY RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES.

THIS ARBITRATION PROVISION DOES NOT PREVENT YOU FROM FILING YOUR DISPUTE WITH ANY FEDERAL, STATE OR LOCAL GOVERNMENT AGENCY THAT CAN, IF THE LAW ALLOWS, SEEK RELIEF AGAINST US ON YOUR BEHALF.

UNLESS YOU EXERCISE YOUR RIGHT TO OPT OUT OF THIS ARBITRATION PROVISION, AS DESCRIBED BELOW, YOU WILL BE FOREVER BOUND BY THE TERMS OF THIS ARBITRATION PROVISION. THIS ARBITRATION PROVISION LIMITS CERTAIN OF YOUR LEGAL RIGHTS, INCLUDING ANY RIGHT YOU MAY HAVE TO PURSUE A CLAIM OR DISPUTE IN A COURT OF COMPETENT JURISDICTION, YOUR RIGHT TO A JURY TRIAL, AND YOUR RIGHT TO PURSUE A CLAIM OR DISPUTE AS A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES. YOU SHOULD CONSULT LEGAL COUNSEL TO DETERMINE WHETHER THIS ARBITRATION PROVISION IS APPROPRIATE FOR YOU. BY EXECUTING THIS LOAN APPLICATION AND SUBMITTING IT TO US, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU HAVE HAD THE OPPORTUNITY TO NEGOTIATE THE TERMS OF THIS ARBITRATION PROVISION WITH US BUT HAVE CHOSEN NOT TO AND HAVE HAD THE OPPORTUNITY TO SEEK THE ADVICE OF LEGAL COUNSEL. THIS ARBITRATION PROVISION IS THEREFORE TO BE INTERPRETED AND APPLIED SUCH THAT YOU AND WE HAVE EQUAL RIGHTS UNDER IT. YOU CAN OPT OUT OF THIS ARBITRATION PROVISION BY FOLLOWING THE INSTRUCTIONS IN THE NEXT PARAGRAPH OF THIS ARBITRATION PROVISION.

OPTING OUT OF ARBITRATION PROVISION: YOU (BUT NOT WE) HAVE THE SOLE RIGHT TO REJECT THIS ARBITRATION PROVISION AS A MEANS OF RESOLVING DISPUTES WITH US AT ANY TIME WITHIN THIRTY (30) DAYS FOLLOWING YOUR ELECTRONIC SIGNATURE ON ANY LOAN AGREEMENT BASED OFF THIS LOAN APPLICATION. TO REJECT THIS ARBITRATION PROVISION YOU MUST GIVE US WRITTEN NOTICE OF YOUR REJECTION OF THIS ARBITRATION PROVISION BY E-MAILING US AT ARBITRATIONOPTOUT@ameriloan.com. YOUR E-MAIL TO US OPTING OUT OF THIS ARBITRATION PROVISION SHOULD INCLUDE YOUR NAME, ADDRESS AND THE ACCOUNT ID IDENTIFIED ABOVE AS WELL AS A STATEMENT THAT YOU DO NOT WISH TO RESOLVE DISPUTES WITH US THROUGH ARBITRATION. YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU MAY ONLY OPT OUT OF THIS ARBITRATION PROVISION IN THE MANNER DESCRIBED ABOVE AND IT IS NOT SUFFICIENT TO NOTIFY US OF YOUR INTENT TO OPT OUT OF THIS ARBITRATION PROVISION VIA TELEPHONE OR ANY OTHER MEANS. YOU CAN ONLY REJECT THIS ARBITRATION PROVISION UNTIL THE THIRTIETH (30th) DAY FOLLOWING YOUR SIGNATURE ON ANY LOAN AGREEMENT BASED OFF THIS LOAN APPLICATION, THEREAFTER YOU WILL BE BOUND BY THE TERMS OF THIS ARBITRATION PROVISION. YOUR DECISION TO OPT OUT OF THIS ARBITRATION PROVISION WILL HAVE NO ADVERSE EFFECT ON THE SERVICING AND COLLECTION YOUR LOAN. IF YOU REJECT THIS ARBITRATION PROVISION, YOUR REJECTION APPLIES ONLY TO DISPUTES ARISING OUT OF THIS LOAN APPLICATION AND ANY LOAN AGREEMENT BASED OFF THIS APPLICATION AND NOT TO FUTURE AGREEMENTS BETWEEN YOU AND US.

WAIVER OF JURY TRIAL: BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR AGAINST A RELATED THIRD PARTY.

CLASS ACTION WAIVER: BY AGREEING TO THE TERMS OF THIS LOAN APPLICATION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO PURSUE OR PARTICIPATE IN REPRESENTATIVE CLAIMS AND YOU THEREFORE WILL NOT BE ALLOWED TO SERVE AS A CLASS REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS IN ANY ACTION FILED AGAINST US AND/OR RELATED THIRD PARTIES. THEREFORE, ANY DISPUTE, WHETHER IN ARBITRATION, IN COURT, OR OTHERWISE, SHALL BE CONDUCTED SOLELY ON AN INDIVIDUAL BASIS AND YOU WILL NOT SEEK TO HAVE ANY DISPUTE HEARD AS A CLASS ACTION, A PRIVATE ATTORNEY GENERAL ACTION, OR IN ANY OTHER PROCEEDING IN WHICH YOU ACT IN A REPRESENTATIVE CAPACITY. YOU FURTHER AGREE THAT NO ARBITRATION OR PROCEEDING WILL BE JOINED, CONSOLIDATED, OR COMBINED WITH ANOTHER ARBITRATION OR PROCEEDING WITHOUT THE EXPRESS, PRIOR WRITTEN CONSENT OF ANY AND ALL PARTIES TO ANY SUCH ARBITRATION OR PROCEEDING.

CONSUMER NOTICE: A SHORT-TERM LOAN IS AN EXPENSIVE FORM OF CREDIT. BEFORE APPLYING FOR A SHORT-TERM LOAN WITH US, YOU MAY WANT TO CONSIDER OTHER OPTIONS, INCLUDING NON-CREDIT OPTIONS (SUCH AS DISCUSSING YOUR FINANCIAL SITUATION WITH A NON-PROFIT, FINANCIAL COUNSELING SERVICE AVAILABLE IN YOUR COMMUNITY), AND WHETHER AN EXPENSIVE SHORT-TERM LOAN WILL LEAD TO LONG-TERM DEBT FOR YOU. PLEASE REVIEW THE FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT CAREFULLY SO THAT YOU CAN COMPARE THE COST OF A LOAN FROM US TO OTHER LOAN PRODUCTS AVAILABLE TO YOU FROM OTHER LENDERS. IT IS IMPORTANT YOU MAKE AN INFORMED USE OF CREDIT AND UNDERSTAND HOW MUCH A LOAN FROM US CAN COST YOU. IF AFTER REVIEWING THE FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT, YOU DO NOT UNDERSTAND THE TERMS AND COSTS OF A LOAN FROM US, PLEASE CALL OUR CUSTOMER SERVICE DEPARTMENT AT 1-800-362-9090 WITH ANY QUESTIONS.

By typing your name to provide your electronic signature on this Loan Application, You acknowledge that this Loan Application was completed for You from

information You provided, You affirm You have read this Loan Application in its entirety, that You have carefully reviewed all of the terms and provisions contained in this Loan Application, and that You fully understand and comprehend the meaning of each and every word, phrase and provision contained in this Loan Application, or that You had an opportunity to have any such word, phrase and/or provision that You did not understand explained to You and chose not to.

By typing your name to provide your electronic signature on this Loan Application, You confirm that your computer system meets the requirements set forth in the Consent for Electronic Signatures, Records, and Disclosures Agreement and that You have downloaded or printed a copy of this Loan Application for your future reference, or that You had the ability to download or print a copy and chose not to.

By typing your name to provide your electronic signature on this Loan Application, You agree to abide by and be bound by all of the terms and provisions in this Loan Application, including the **LIMITED WAIVER OF SOVEREIGN IMMUNITY**, the **ARBITRATION PROVISION**, the **CLASS ACTION WAIVER**, and our **PRIVACY POLICY**.

| | | |
|---|---|---|
| (X) <u>CHRISTINA ACHEY</u> | <u>CHRISTINA ACHEY</u> | <u>07-10-2013</u> |
| Electronic Signaure of Applicant | Printed Name of Applicant | Date |



**AMERILOAN®**
*Where America Goes For Cash Advances*

MNE Services, Inc. dba Ameriloan
3531 P Street NW
Miami, OK 74355
1-800-362-9090
http://www.ameriloan.com



CHRISTINA ACHEY

Date: 07-10-2013
Account ID:

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| **476.09%** | **$105.00** | **$350.00** | **$455.00** |

**Payment Schedule**: Your Payment Schedule will be:

| Payment Number | Amount of Payment | When Payment is Due |
|---|---|---|
| 1 | $455.00 | 08-02-2013 |

**Security**: This loan is unsecured.
**Prepayment**: If you pay off early, you will not be entitled to a refund of any part of the finance charge.
**Contract Reference**: See your Loan Agreement for any additional information about nonpayment, default, and prepayment rebates and penalties.

**Itemization of Amount Financed of $350.00**

| | |
|---|---|
| Distributed to you directly: | $350.00 |
| Paid on your account: | $0.00 |
| Paid to other persons on your behalf: | $0.00 |
| Prepaid Finance Charge: | $0.00 |

By typing my name to provide my electronic signature on this Federal Truth-in-Lending Disclosure Statement, I confirm that I have downloaded or printed a copy of this Federal Truth-in-Lending Disclosure Statement for my future reference, or that I have the ability to download or print a copy and chose not to.

By typing my name to provide my electronic signature on this Federal Truth-in-Lending Disclosure Statement, I acknowledge that I have received this Federal Truth-in-Lending Disclosure Statement prior to consummating a loan with MNE Services, Inc. dba Ameriloan, that I have carefully reviewed all of the applicable terms and costs disclosed herein and that I understand the terms and costs of getting a short-term loan in the amount of $350.00 from MNE Services, Inc. dba Ameriloan.

(X) <u>CHRISTINA ACHEY</u>        <u>CHRISTINA ACHEY</u>        <u>07-10-2013</u>

Electronic Signature of Applicant        Printed Name of Applicant        Date



# LOAN AGREEMENT

Borrower: **CHRISTINA ACHEY**  
Account ID: 

Date: **07-10-2013**  
Lender: **MNE Services, Inc. dba Ameriloan**

**Parties:** In this agreement ("Loan Agreement") "You" are the person named as Borrower above. "We" or "Us" are MNE Services, Inc. dba Ameriloan and its directors, officers, employees, authorized representatives, agents and successors in interest acting within the scope of their authority.

**The Account:** You have a deposit account, number *******■ ("Account"), at ■ ("Bank"). You authorize Us to initiate an ACH credit entry to deposit $350.00 to your Account at the Bank (the "Loan"). In the event that We make an error in processing any ACH, You authorize Us to initiate another ACH to correct the error. In the event that You are due a refund, You authorize Us to initiate an ACH credit entry to your Account to credit You for the amount of any such refund. You also authorize Us to initiate ACH debit entries for the Amount Applied to Finance Charge and the Amount Applied to Principal described below in the Repayment section of this Loan Agreement and as detailed and agreed to by You in the Authorization to Initiate ACH Credit and Debit Entries.

**Federal Truth-in-Lending Act Disclosures:** Please click here (or see the attached document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT") for applicable Federal Truth-in-Lending Act disclosures regarding the terms and costs of your Loan. Please review the FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT carefully so that You may compare the cost of this Loan to other loan products available to You from other lenders. It is important You make an informed use of credit and understand how much it will cost You to borrow $350.00 from Us before agreeing to the terms of this Loan Agreement. Our provision of the Federal Truth-in-Lending Act disclosures shall not be deemed our consent to the application of state or federal law to Us, to the Loan, or to this Loan Agreement.

**Promise to Pay:** You promise to pay to Us or our order $455.00 on 08-02-2013 as shown below in the Repayment Schedule. You also promise to pay to Us or our order any other fees provided for under this Loan Agreement.

**Repayment:**

| REPAYMENT SCHEDULE | | | | |
| --- | --- | --- | --- | --- |
| Payment Date | Payment Due | Amount Applied to Finance Charge | Amount Applied to Principal | Outstanding Principal After Payment |
| 08-02-2013 | $455.00 | $105.00 | $350.00 | $0.00 |

The Repayment Schedule shown above is _not_ a disclosure of the terms and costs of your Loan pursuant to the Federal Truth-in-Lending Act. Please click here (or see the attached document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT") for applicable Federal Truth-in-Lending Act disclosures regarding the terms and costs of your Loan. We are providing you the Repayment Schedule shown above in addition to the FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT for your benefit so You can see how the Payment Due is allocated to the finance charge and principal.

As used in this Loan Agreement, the term "Business Day" means a day other than Saturday, Sunday or a legal holiday. Unless You notify Us differently, by agreeing to the terms of the Authorization to Initiate ACH Credit and Debit Entries, you understand and agree that the Payment Due under this Loan Agreement shall be made by Us automatically initiating separate ACH debit entries in amounts equal to the Amount Applied to Finance Charge and the Amount Applied to Principal. You may revoke the Authorization to Initiate ACH Credit and Debit Entries at any time, provided however, that the Authorization to Initiate ACH Credit and Debit Entries will remain in full force and effect until the earlier of the following occurs: (i) you pay the Payment Due shown in the Repayment Schedule above; or (ii) you tell Us or the Bank that We are no longer authorized to initiate ACH debit entries against the Account in enough time to allow the Bank or Us to cancel any scheduled, planned, or pending ACH debit entries. To ensure that your revocation of ACH authorization is timely processed before the Payment Date, We recommend You provide Us with written notice of revocation at least three (3) Business Days before the Payment Date. Please include your Account ID in your written notice to Us. Please be advised, however, that revocation of your Authorization to Initiate ACH Credit and Debit Entries does not relieve You of your obligation to repay all amounts due and owing under this Loan Agreement. If You revoke the Authorization to Initiate ACH Credit and Debit Entries, the Payment Due must be received by Us no later than 2:00 PM Central time on the Payment Date.

**Prepayment:** The Finance Charge of $105.00 is fully earned by Us at the time You receive the proceeds of your Loan. Although You may pay all or part of your Loan in advance of the Payment Date at any time without penalty, You will not receive a refund or credit of any part of the Finance Charge.

**Refinance Policy:** We, in our sole discretion, will determine whether your Loan may be modified or refinanced.

**Default:** The entire balance of the Loan shall become immediately due and payable without notification or demand from Us if You fail to make (or do not have enough collected or available funds to make) any payment or amount you owe Us, whether in connection with this Loan or otherwise (see also "Cross Default" section below), or if You made any false or misleading statement on any application, financial statement or other writing submitted to Us, whether in connection with this Loan or otherwise. If there are insufficient funds on deposit in your Account to initiate an ACH debit entry, to pay a check drawn on an account or to otherwise cover the Payment Due on the Payment Date, You promise to immediately pay Us all sums You owe by another form of payment without notification or demand from Us.

**Cross Default:** A breach or default of the terms and conditions of this Loan Agreement by You shall also be deemed to be a default of any other agreements You have with Us, now or in the future, including without limitation any applicable future agreements between You and Us to refinance or modify any amounts You owe Us. Further, your breach or default of any other agreements You have with Us, now or in the future, including without limitation any applicable future agreements to refinance or modify any amounts You owe Us, shall also be deemed to be a default of this Loan Agreement.

**Payment Options:** Instead of Us automatically initiating ACH debit entries to your Account, You may: (i) make a payment by mailing Us a check or money order to the payment address shown directly below; or (ii) make an immediate payment with a debit card over the telephone by calling Us at 1-800-362-9090. To ensure that your alternative payment option is timely processed before the Payment Date, We recommend You provide Us with notice of the alternative payment at least three (3) Business Days before the Payment Date so that We can cancel any pending ACH debit entries to your Account.

**Payment Address:** Ameriloan, 3531 P Street NW Miami, OK 74355.

**Check Conversion Notification:** If You provide Us with a check as payment, You agree We can either use information from that check to make a one-time electronic funds transfer from that account or We can process the payment as a check transaction. When We use information from a check to make an electronic funds transfer from an account, funds may be withdrawn from that account the same day we receive the check and You will not receive the check back from the bank. For questions, please call our customer service at 1-800-362-9090.

**Return Item Fee:** If sufficient funds are not available in the Account to cover an ACH debit entry or to pay a check drawn on an account, You agree to pay Us a Return Item Fee of $30.00.

**Bank Charges:** We are not responsible, and You will not hold Us responsible, for any loss of any kind incurred as a result of any ACH debit entry or check being presented in connection with this Loan Agreement including without limitation any fees charged by your Bank or any costs you incur if your Bank closes your Account in connection with any returned ACH debit entries that we initiate against your Account.

**Credit Reporting:** We report information about your Loan, including late, missed payments and/or defaults to consumer reporting agencies. We may report information about your Loan, including late, missed payments and/or defaults to other sources as permitted by applicable law.

**Verification:** You authorize Us to verify all of the information You provided to Us in connection with your application for your Loan in any manner We, in our sole discretion, may choose. You also hereby grant Us consent to obtain additional information about You from a consumer reporting agency or other sources. We reserve the right to withhold funding of the Loan at any time prior to disbursement to allow Us to verify the information You have provided to Us.

**Governing Law:** You and We agree that this Loan Agreement and your Loan with Us shall be governed by all applicable federal laws and all applicable laws of the Miami Tribe of Oklahoma, the regulatory authority of MNE Services, Inc. dba Ameriloan, regardless of the state or jurisdiction in which You may reside. The **ARBITRATION PROVISION** set forth below and any arbitration proceeding conducted in accord with the **ARBITRATION PROVISION** shall be governed by the Federal Arbitration Act and all applicable laws of the Miami Tribe of Oklahoma.

**Survival:** The provisions of this Loan Agreement dealing with the **LIMITED WAIVER OF SOVEREIGN IMMUNITY**, the **ARBITRATION PROVISION** and the **CLASS ACTION WAIVER** shall survive repayment of your Loan in full, modification, refinancing, termination. cancellation and/or default of this Loan Agreement.

**No Bankruptcy:** By electronically signing this Loan Agreement, You represent that You have not filed for bankruptcy in the prior 90 days and You do not plan to do so.

**Privacy Policy:** To view our Privacy Policy please click here. The Privacy Policy can be viewed at http://www.ameriloan.com/?page=info_privacy.

**Delivery Method of Notices:** Unless this Loan Agreement specifies otherwise or unless We notify You of a change in writing, all notices and documents that You are to provide to Us shall be provided to Us at the following fax number, e-mail address or mailing address:

Ameriloan
3531 P Street NW
Miami, OK 74355
Fax 1-800-256-9166
customerservice@Ameriloan.com

**Right to Cancel:** YOU MAY CANCEL THIS LOAN WITHOUT COST TO YOU OR FURTHER OBLIGATION TO US, IF YOU DO SO BY THE END OF BUSINESS ON THE NEXT BUSINESS DAY AFTER THE LOAN PROCEEDS ARE DEPOSITED INTO YOUR ACCOUNT. YOU MAY ONLY CANCEL THIS LOAN IF YOU SEND US BACK THE $350.00 WE DEPOSITED INTO YOUR ACCOUNT OR IF WE ARE ABLE TO WITHDRAW $350.00 FROM YOUR ACCOUNT. TO SUBMIT YOUR CANCELLATION FORM TO CANCEL THIS LOAN, LOG INTO YOUR ACCOUNT AT http://www.ameriloan.com.

# PLEASE READ THE FOLLOWING CAREFULLY
## AS IT IMPACTS YOUR LEGAL RIGHTS.

LIMITED WAIVER OF SOVEREIGN IMMUNITY: AS A WHOLLY OWNED SUBDIVISION OF A FEDERALLY RECOGNIZED INDIAN TRIBE, WE ARE NOT SUBJECT TO SUIT IN ANY COURT IN ANY JURISDICTION, OR ANY OTHER FORUM, ABSENT AN EXPRESS WAIVER OF SOVEREIGN IMMUNITY. SOLELY IN ORDER TO PROVIDE FOR THE RESOLUTION OF A DISPUTE THAT WE CANNOT RESOLVE TO YOUR SATISFACTION, SHOULD ANY OCCUR, WE HEREBY CONSENT TO A LIMITED WAIVER OF SOVEREIGN IMMUNITY, AS EXPRESSLY SET FORTH HEREIN, AND FURTHER LIMITED BY THE ARBITRATION PROVISION CONTAINED HEREIN. THIS LIMITED WAIVER IS STRICTLY LIMITED TO INDIVIDUAL ARBITRATION CLAIMS AS SET FORTH BELOW AND JUDICIAL ACTIONS TO ENFORCE SUCH INDIVIDUAL ARBITRATION AWARDS AS STRICTLY LIMITED HEREIN.

PLEASE BE ADVISED THAT IF YOU CHOOSE TO OPT OUT OF THE FOLLOWING ARBITRATION PROVISION AS DETAILED BELOW, YOUR ONLY OPTION FOR PURSUING A CLAIM AGAINST US FOR ANY UNRESOLVED DISPUTE WILL BE TO TRY TO BRING AN ACTION IN A COURT OF COMPETENT JURISDICTION, IF ANY EXISTS, BUT IN ADDITION TO PROVING YOU ARE ENTITLED TO ANY RELIEF OR DAMAGES FROM US, YOU MAY ALSO HAVE TO PROVE THAT WE ARE NOT ENTITLED TO THE BENEFITS AND PROTECTIONS OF SOVEREIGN IMMUNITY.

ARBITRATION PROVISION: If any dispute arises that We cannot resolve to your satisfaction, You and We hereby agree that we shall arbitrate that dispute in accordance with the terms of this Arbitration Provision, absent You notifying Us of your intent to opt out of this Arbitration Provision as described below.

Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and to have a judge or jury resolve their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Each party to the dispute has an opportunity to present evidence to the arbitrator. Pre-arbitration discovery may be limited or unavailable. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision.

As used herein, the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation and whether past, present or future: (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Loan Agreement, including the validity and scope of this Arbitration Provision, or any claim, dispute, or controversy relating to the interpretation, applicability, enforceability or formation of this Loan Agreement, including, but not limited to any claim that all or any part of this Loan Agreement or this Arbitration Provision is void, voidable, invalid or unenforceable; (b) all federal or state law claims arising from or relating directly or indirectly to this Loan Agreement, the information You gave Us before entering into this Loan Agreement, and/or any past agreement or agreements between You and Us; (c) all counterclaims, cross-claims and third party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by Us against You, including claims for money damages to collect any sum We claim You owe Us; (g) all claims asserted by You individually against Us, and/or any of our agents, consultants, or servicers and/or any of their employees, directors, officers, shareholders, managers, members, parents, subsidiaries, or any affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on your behalf by another person; (i) all claims asserted by You as a private attorney general, as a representative and/or member of a class of persons, and/or in any other representative capacity against Us and/or related third parties (hereinafter referred to as "representative claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by Us or related third parties of any non-public personal information about You.

Any party to a dispute, including You, Us and/or related third parties, may send the other party or parties written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, the arbitration shall occur before the American Arbitration Association (1-800-778-7879; http://www.adr.org) or JAMS (1-800-352-5267; http://www.jamsadr.com). If neither the American Arbitration Association nor JAMS can or will accept a dispute, however, the parties shall select a different arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association and arbitrate pursuant to such arbitrator's rules. The party receiving notice of arbitration shall respond in writing by certified mail return receipt requested within twenty (20) days. All parties to such dispute will be governed by the rules and procedures of the chosen arbitration association applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Loan Agreement or this Arbitration Provision, including the limitations on the arbitrator below.

Regardless of who demands arbitration, We will advance your portion of the expenses associated with the arbitration, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitration hearing will be conducted in the county of your residence, unless You agree to a different location. In conducting the arbitration proceeding, the arbitrator shall not apply any federal or state rules of civil procedure or evidence. If the arbitrator renders a decision in your favor, the arbitrator shall award You reasonable attorneys' fees. If the arbitrator renders a decision in your favor, You will not be responsible for reimbursing Us for your portion of the Arbitration Fees and We will reimburse You for any Arbitration Fees You previously paid. Regardless of whether the arbitrator renders a decision in your favor, You will not be responsible for reimbursing Us for your portion of the Arbitration Fees and We are not entitled to an award of attorneys' fees. At the timely request of any party, the arbitrator shall provide a written explanation of the arbitrator's decision. The arbitrator's decision may be filed with any court having competent jurisdiction.

You and We expressly acknowledge and agree that this Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA. If a final, non-appealable judgment of a court having competent jurisdiction over this transaction finds, for any reason, that the FAA does not apply to this transaction, then our agreement to arbitrate shall be governed by the arbitration law of the Miami Tribe of Oklahoma.

This Arbitration Provision is binding upon and benefits You and your respective heirs, successors and assigns. This Arbitration Provision is binding upon and benefits Us, our successors and assigns, and related third parties. This Arbitration Provision survives the termination of the relationship between You and Us, and continues in full force and effect, even if your obligations have been cancelled by prepayment, paid or discharged through bankruptcy. This Arbitration Provision survives any termination, amendment, expiration or performance of any transaction between You and Us and continues in full force and effect unless You and We otherwise agree in writing.

BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO FILE A LAWSUIT AND HAVE A JUDGE OR JURY RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES.

THIS ARBITRATION PROVISION DOES NOT PREVENT YOU FROM FILING YOUR DISPUTE WITH ANY FEDERAL, STATE OR LOCAL GOVERNMENT AGENCY THAT CAN, IF THE LAW ALLOWS, SEEK RELIEF AGAINST US ON YOUR BEHALF.

UNLESS YOU EXERCISE YOUR RIGHT TO OPT OUT OF THIS ARBITRATION PROVISION, AS DESCRIBED BELOW, YOU WILL BE FOREVER BOUND BY THE TERMS OF THIS ARBITRATION PROVISION. THIS ARBITRATION PROVISION LIMITS CERTAIN OF YOUR LEGAL RIGHTS, INCLUDING ANY RIGHT YOU MAY HAVE TO PURSUE A CLAIM OR DISPUTE IN A COURT OF COMPETENT JURISDICTION, YOUR RIGHT TO A JURY TRIAL, AND YOUR RIGHT TO PURSUE A CLAIM OR DISPUTE AS A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES. YOU SHOULD CONSULT LEGAL COUNSEL TO DETERMINE WHETHER THIS ARBITRATION PROVISION IS APPROPRIATE FOR YOU. BY EXECUTING THIS LOAN AGREEMENT, SUBMITTING IT TO US, AND ACCEPTING THE LOAN PROCEEDS WITHOUT CANCELLING YOUR LOAN, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU HAVE HAD THE OPPORTUNITY TO NEGOTIATE THE TERMS OF THIS ARBITRATION PROVISION WITH US BUT HAVE CHOSEN NOT TO AND HAVE HAD THE OPPORTUNITY TO SEEK THE ADVICE OF LEGAL COUNSEL. THIS ARBITRATION PROVISION IS THEREFORE TO BE INTERPRETED AND APPLIED SUCH THAT YOU AND WE HAVE EQUAL RIGHTS UNDER IT. YOU CAN OPT OUT OF THIS ARBITRATION PROVISION BY FOLLOWING THE INSTRUCTIONS IN THE NEXT PARAGRAPH OF THIS ARBITRATION PROVISION.

OPTING OUT OF ARBITRATION PROVISION: YOU (BUT NOT WE) HAVE THE SOLE RIGHT TO REJECT THIS ARBITRATION PROVISION AS A MEANS OF RESOLVING DISPUTES WITH US AT ANY TIME WITHIN THIRTY (30) DAYS FOLLOWING YOUR ELECTRONIC SIGNATURE ON THIS LOAN AGREEMENT. TO REJECT THIS ARBITRATION PROVISION YOU MUST GIVE US WRITTEN NOTICE OF YOUR REJECTION OF THIS ARBITRATION PROVISION BY E-MAILING US AT ARBITRATIONOPTOUT@ameriloan.com. YOUR E-MAIL TO US OPTING OUT OF THIS ARBITRATION PROVISION SHOULD INCLUDE YOUR NAME, ADDRESS AND THE ACCOUNT ID IDENTIFIED ABOVE AS WELL AS A STATEMENT THAT YOU DO NOT WISH TO RESOLVE DISPUTES WITH US THROUGH ARBITRATION. YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU MAY ONLY OPT OUT OF THIS ARBITRATION PROVISION IN THE MANNER DESCRIBED ABOVE AND IT IS NOT SUFFICIENT TO NOTIFY US OF YOUR INTENT TO OPT OUT OF THIS ARBITRATION PROVISION VIA TELEPHONE OR ANY OTHER MEANS. YOU CAN ONLY REJECT THIS ARBITRATION PROVISION UNTIL THE THIRTIETH (30th) DAY FOLLOWING YOUR ELECTRONIC SIGNATURE ON THIS LOAN AGREEMENT, THEREAFTER YOU WILL BE BOUND BY THE TERMS OF THIS ARBITRATION PROVISION. YOUR DECISION TO OPT OUT OF THIS ARBITRATION PROVISION WILL HAVE NO ADVERSE EFFECT ON THE SERVICING AND COLLECTION OF YOUR LOAN. IF YOU REJECT THIS ARBITRATION PROVISION, YOUR REJECTION APPLIES ONLY TO DISPUTES ARISING OUT OF THIS LOAN AGREEMENT AND NOT TO FUTURE AGREEMENTS BETWEEN YOU AND US.

WAIVER OF JURY TRIAL: BY AGREEING TO THE TERMS OF THIS ARBITRATION PROVISION, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR AGAINST A RELATED THIRD PARTY.

CLASS ACTION WAIVER: BY AGREEING TO THE TERMS OF THIS LOAN AGREEMENT, YOU HEREBY AGREE AND ACKNOWLEDGE THAT YOU ARE WAIVING YOUR RIGHT TO PURSUE OR PARTICIPATE IN REPRESENTATIVE CLAIMS AND YOU THEREFORE WILL NOT BE ALLOWED TO SERVE AS A CLASS REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS IN ANY ACTION FILED AGAINST US AND/OR RELATED THIRD PARTIES. THEREFORE, ANY DISPUTE, WHETHER IN ARBITRATION, IN COURT, OR OTHERWISE, SHALL BE CONDUCTED SOLELY ON AN INDIVIDUAL BASIS AND YOU WILL NOT SEEK TO HAVE ANY DISPUTE HEARD AS A CLASS ACTION, A PRIVATE ATTORNEY GENERAL ACTION, OR IN ANY OTHER PROCEEDING IN WHICH YOU ACT IN A REPRESENTATIVE CAPACITY. YOU FURTHER AGREE THAT NO ARBITRATION OR PROCEEDING WILL BE JOINED, CONSOLIDATED, OR COMBINED WITH ANOTHER ARBITRATION OR PROCEEDING WITHOUT THE EXPRESS, PRIOR WRITTEN CONSENT OF ANY AND ALL PARTIES TO ANY SUCH ARBITRATION OR PROCEEDING.

CONSUMER NOTICE: A SHORT-TERM LOAN IS AN EXPENSIVE FORM OF CREDIT. BEFORE AGREEING TO THE TERMS AND COSTS OF THIS SHORT-TERM LOAN, YOU MAY WANT TO CONSIDER OTHER OPTIONS, INCLUDING NON-CREDIT OPTIONS (SUCH AS DISCUSSING YOUR FINANCIAL SITUATION WITH A NON-PROFIT, FINANCIAL COUNSELING SERVICE AVAILABLE IN YOUR COMMUNITY). PLEASE REVIEW THE FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT CAREFULLY SO THAT YOU UNDERSTAND HOW MUCH BORROWING $360.00 FROM US WILL COST YOU UNDER THE TERMS OF THIS LOAN. ALSO, PLEASE BE ADVISED IF YOU ARE UNABLE TO PAY $455.00 ON 08-02-2013 AND/OR YOU EXTEND REPAYMENT OF YOUR LOAN YOU WILL INCUR ADDITIONAL CHARGES. ACCORDINGLY, PLEASE CONSIDER WHETHER THIS SHORT-TERM LOAN MAY LEAD TO LONG-TERM DEBT FOR YOU.

By typing your name to provide your electronic signature on this Loan Agreement, You affirm You have read this Loan Agreement in its entirety, that You have carefully reviewed all of the terms and provisions contained in this Loan Agreement, and that You fully understand and comprehend the meaning of each and every word, phrase and provision contained in this Loan Agreement, or that You had an opportunity to have any such word, phrase and/or provision that You did not understand explained to You and chose not to.

By typing your name to provide your electronic signature on this Loan Agreement, You confirm that your computer system meets the requirements set forth in the Consent for Electronic Signatures, Records, and Disclosures Agreement and that You have downloaded or printed a copy of this Loan Agreement for your future reference, or that You had the ability to download or print a copy and chose not to.

By typing your name to provide your electronic signature on this Loan Agreement, You agree to abide by and be bound by all of the terms and provisions in this Loan Agreement, including the LIMITED WAIVER OF SOVEREIGN IMMUNITY, the ARBITRATION PROVISION, and the CLASS ACTION WAIVER.

| (X) CHRISTINA ACHEY | CHRISTINA ACHEY | 07-10-2013 |
| --- | --- | --- |
| Electronic Signature of Borrower | Printed Name of Borrower | Date |

# Authorization to Initiate ACH Credit and Debit Entries

Borrower: **CHRISTINA ACHEY**

Account ID: [redacted]

Date: **07-10-2013**

Lender: **MNE Services, Inc. dba Ameriloan**

**Parties:** In this Authorization to Initiate ACH Credit and Debit Entries, "You" are the person named as Borrower above. "We" or "Us" are MNE Services, Inc. dba Ameriloan, and its directors, officers, employees, authorized representatives, agents, and successors in interest acting within the scope of their authority.

**Credit Authorization:** You have deposit account, number ***************[redacted] ("Account"), at [redacted] ("Bank"). You authorize Us to initiate an ACH credit entry to deposit the proceeds of the Loan (the Amount Financed indicated in the Federal Truth-in-Lending Disclosure Statement attached to your Loan Agreement) to your Account at the Bank.

**Debit Authorization:** You authorize Us to automatically initiate one or more ACH debit entries to your Account to pay your Payment Due on the Payment Date as detailed in the Repayment Schedule in your Loan Agreement. You further authorize Us to pay the Payment Due on the Payment Date by automatically initiating separate ACH debit entries in amounts equal to the Amount Applied to Finance Charge and the Amount Applied to Principal as detailed in the Repayment Schedule in your Loan Agreement. If your pay date falls on a weekend or holiday and You have direct deposit, your Account will be debited the Business Day before your normal pay date unless You contact Us to make other arrangements. As used in this Authorization, the term "Business Day" means a day other than Saturday, Sunday or a legal holiday.

You represent that your Account at the Bank named below, is capable of receiving such debit entries:

| Bank Name | Routing/ABA Number | Account Number | Account Type |
|---|---|---|---|
| [redacted] | [redacted] | *******[redacted] | Checking |

This Authorization to Initiate ACH Credit and Debit Entries ("Authorization") becomes effective at the time we accept your Loan Agreement and shall remain in full force and effect until the earlier of the following occurs: (i) You repay your loan in full; or (ii) You tell Us or the Bank that We are no longer authorized to initiate ACH debit entries against the Account in enough time to allow the Bank or Us to cancel any scheduled, planned, or pending ACH debit entries. To tell Us that You are revoking and terminating this Authorization, You must notify Us in writing at Ameriloan, 3531 P Street NW Miami, OK 74355 or via e-mail at customerservice@Ameriloan.com or via fax at 1-800-256-9166. Please include your Account ID in your written notice to Us. To ensure that your revocation of this Authorization is timely processed before the Payment Date, We recommend You provide Us with your written notice of revocation at least three (3) Business Days before the Payment Date. Termination of this Authorization does not relieve You of your obligation to repay your loan in full. If You revoke this Authorization, the Payment Due must be received by Us no later than 2:00 PM Central time on the Payment Date.

If there are insufficient funds in your Account on the date we attempt to initiate an ACH debit entry to pay all or part of what You owe, We will charge you a Return Item Fee in the amount of $30.00, which You hereby authorize Us to collect by initiating a separate ACH debit entry. Your Bank may also impose fees for returning ACH debit entries unpaid and may even close your Account. You agree You will not hold Us responsible for any fees of any kind You incur as a result of any ACH debit entry being presented at your Bank or if your Bank closes your Account in connection with any returned ACH debit entries We initiate in connection with this Authorization. To avoid incurring a Return Item Fee, your Account should have enough collected and available funds in it to cover the Payment Due on the Business Day before the Payment Date and on the Payment Date itself.

Please note You have the right to receive notice of all withdrawals from your Account by an ACH debit entry that vary in amount. By signing this Authorization, You agree, however, We only have to tell You the range of ACH debit entries that We may initiate to your Account. The range of ACH debit entries will be from the Amount Applied to Finance Charge for the Payment Due on the Payment Date as detailed in the Repayment Schedule in your Loan Agreement to an amount equal to the entire balance due and payable if You default on your Loan Agreement, plus a Return Item Fee You may owe as explained in your Loan Agreement. You further authorize Us to vary the amount of any ACH debit entry We may initiate to your Account as needed to pay the Payment Due on the Payment Date as detailed in the Repayment Schedule in your Loan Agreement as modified by any prepayment arrangements You may make, any modifications You and We agree to regarding your Loan Agreement, or to pay any Return Item Fee you may owe as explained in your Loan Agreement. For any ACH debit entry outside of this range, We will provide You notice. Therefore, by signing this Authorization, You are choosing to only receive notice if an ACH debit entry is outside the range detailed above.

If there is any change in your bank information above (Bank name or Account information), YOU MUST PROVIDE US WITH UPDATED BANK INFORMATION AND COMPLETE A NEW AUTHORIZATION TO INITIATE ACH CREDIT AND DEBIT ENTRIES at least three (3) Business Days before the Payment Date. You authorize Us to correct any missing or erroneous information that You provide by calling the Bank.

By typing your name to provide your electronic signature on this Authorization to Initiate ACH Credit and Debit Entries, You affirm You have read this Authorization to Initiate ACH Credit and Debit Entries in its entirety, that You have carefully reviewed all of the terms and provisions contained in this Authorization to Initiate ACH Credit and Debit Entries, and that You fully understand and comprehend the meaning of each and every word, phrase and provision contained in this Authorization to Initiate ACH Credit and Debit Entries, or that You had an opportunity to have any such word, phrase and/or provision that You did not understand explained to You and chose not to.

By typing your name to provide your electronic signature on this Authorization to Initiate ACH Credit and Debit Entries, You are confirming that your computer system meets the requirements set forth in the Consent for Electronic Signatures, Records, and Disclosures Agreement and that You have downloaded or printed a copy of this Authorization to Initiate ACH Credit and Debit Entries for your future reference, or that You had the ability to download or print a copy and chose not to.

By typing your name to provide your electronic signature on this Authorization to Initiate ACH Credit and Debit Entries, You agree to abide by and be bound by all of the terms and provisions in this Authorization to Initiate ACH Credit and Debit Entries. You also agree that all information You have given about the Account is complete and accurate, and that You are authorized to enter into this Authorization to Initiate ACH Credit and Debit Entries without obtaining the signature of any other person.

| (X) CHRISTINA ACHEY | CHRISTINA ACHEY | 07-10-2013 |
|---|---|---|
| Electronic Signature of Applicant | Printed Name of Applicant | Date |

# PRIVACY POLICY

| FACTS | WHAT DOES Ameriloan DO WITH YOUR PERSONAL INFORMATION? |
|---|---|
| **Why?** | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| **What?** | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br><br>• Social Security number and income<br>• employment information and payment history<br>• checking account information and credit history |
| **How?** | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons Ameriloan chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does Ameriloan share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes** - such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes** - to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | No | We don't share |
| **For our affiliates' everyday business purposes** - information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes** - information about your creditworthiness | No | We don't share |
| **For nonaffiliates to market to you** | No | We don't share |

**Questions?**   Call 1-800-362-9090

| | |
|---|---|
| **Who is providing this notice?** | MNE Services, Inc. dba Ameriloan |

| | |
|---|---|
| **How does Ameriloan protect my personal information?** | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. |
| **How does Ameriloan collect my personal information?** | We collect your personal information, for example, when you<br><br>• apply for a loan or tell us where to send the money<br>• provide income information or give us your contact information<br>• provide employment information<br><br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| **Why can't I limit all sharing?** | Federal law gives you the right to limit only<br><br>• sharing for affiliates' everyday business purposes information about your creditworthiness<br>• affiliates from using your information to market to you<br>• sharing for nonaffiliates to market to you<br><br>State laws and individual companies may give you additional rights to limit sharing. |

**Definitions**

| | |
|---|---|
| **Affiliates** | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br><br>• *Our affiliated companies include hosting companies and financial services companies* |
| **Nonaffiliates** | Companies not related by common ownership or control. They can be financial and nonfinancial companies.<br><br>• *Ameriloan does not share with nonaffiliates so they can market to you* |

**Joint marketing**

A formal agreement between nonaffiliated financial companies that together market financial products or services to you.

- *Ameriloan doesn't jointly market*